## VALENTINE BRIEGEL

### *v.*

## JOHN MOELLER.

1. MISTAKE—*as to relative interest of grantees in a deed, will be corrected in equity.* Where two persons purchase land of a third, one of the purchasers to take two-thirds of the land and the other one-third, but, by mistake, the seller conveys to them jointly, without specifying in the deed the portion that each is entitled to, and, afterwards, the one who purchased one-third conveys his interest in the land to the other, describing it as one-third thereof, a court of equity will correct the mistake in the deed, or compel a conveyance of the one-sixth, or difference between one-half, conveyed to him by mistake, and the one-third conveyed as all his interest.

2. PARTIES—*to a bill to reform a deed.* Where the owner of land conveys all the interest he has to two purchasers, but makes a mistake as to the interest which each of the grantees is to take in the land, such grantor is not a necessary party to a bill in equity to correct such mistake.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

Mr. WM. WINKELMAN, for the appellant.

Mr. THOS. QUICK, and Mr. E. P. SLATE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The complainant in the court below, and appellee here, claims title to certain lands (through various mesne conveyances, unnecessary to be set forth in detail), which John A. Frank and wife conveyed to Adam Briegel and Valentine Briegel, on the 15th day of June, 1841. He claims that, in fact, Adam was the owner of two-thirds, and Valentine the owner of one-third of the land, but that the deed of Frank and wife, through mistake, did not disclose this fact, but assumed to convey the land to them jointly, as tenants in common.

The bill seeks a correction of this mistake, and to remove the cloud upon appellant's title thereby occasioned, and also contains a prayer for general relief.

On the 7th of February, 1843, Valentine Briegel conveyed to Adam Briegel his undivided interest in the land, describing it as one-third; and appellant claims, in right of him, the difference between the undivided half conveyed by Frank's deed, and the undivided third conveyed by this deed, being the undivided one-sixth of the land.

The evidence very fully and satisfactorily shows, that when Adam and Valentine purchased of Frank, Valentine was only to have an undivided third of the land, and that they acted upon this understanding subsequent to the purchase; and when Valentine subsequently conveyed to Adam his undivided interest, described in the deed as one-third, it was supposed and intended this was all the interest he had in the land.

Appellant, therefore, has, in equity, no claim to the land; and the court below properly decreed against him.

The point is made that the decree corrects a mistake in the deed of Frank and wife, who are not made parties; and it is insisted they are entitled to a hearing, and that, in no event, can there be a decree correcting the mistake in the deed, as to Frank's wife.

The decree is, in form, not strictly accurate, but, since equity regards the substance rather than the form, there should be no reversal on that ground.

The effect of the bill and the decree is to charge appellant as trustee of a constructive trust, and to compel him to execute the trust, by conveying the legal title which he holds in fraud of his *cestui que trust.*

Frank and wife having conveyed all the interest they had in the land to Adam and Valentine Briegel, it was a matter of no possible concern to them or their heirs how Adam and Valentine subsequently held or divided the land, or what future disposition should be made of the title.

The controversy is solely between the claimant in the right of Adam Briegel and the claimant in the right of Valentine Briegel, and the relief sought, and, in effect, obtained, is by the one against the other.

Frank and wife, and their representatives, having no interest

in the land to be affected by the decree, were unnecessary parties. We think it better, however, in affirming the decree, to modify it so as more accurately to conform to the case proved; and, therefore, direct that it be modified by striking out so much as relates to the correction of the deed of Frank and wife, and inserting that appellant be required to convey, by deed of quitclaim, his interest in the land to appellee, within twenty days from the service of notice that the decree has been so modified; that in default of his so doing, the master in chancery execute and deliver such deed; and that appellant be perpetually enjoined from asserting any claim of title or right of possession to said land inconsistent with the decree.

In the view we have taken of the case, the rule contended for, that a court of equity has no power to compel a married woman to correct a mistake in a deed, has no application.

We think the decree for costs was proper under the general prayer of the bill. Appellant, by making claim hostile to that of appellee, under an inequitable title, rendered the proceeding necessary, and is properly chargeable with costs.

Decree affirmed, with directions to the court below.

*Decree affirmed.*