## OVERMAN WHEEL Co. *et al. v.* POPE MANUF'G Co.

*(Circuit Court, D. Connecticut.* June 22, 1891.)

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—RESIDENCE OF CORPORATIONS—AMENDMENT OF RECORD.

Where one of the plaintiffs is simply an agent of the other, without any personal interest in the controversy, his presence has no effect on the defendant's right of removal.

2. SAME—SUFFICIENCY OF RECORD.

Under Act Cong. Aug. 13, 1888, providing that causes removable on the ground of diverse citizenship may be removed into the circuit court for the proper district by the defendant or defendants "being non-residents of that state," it is not enough that the record shows that defendant is a corporation organized under, and a citizen of, another state, and located in such state, since it may also be a resident of the state in which the action is brought by reason of a second incorporation under its laws.

3. SAME.

The fact that the corporation has a factory and place of business in the state where the action is brought does not give it a residence therein.

4. SAME—AMENDMENT OF RECORD.

The amendment of the record to show jurisdiction in the circuit court must be made in the state court.

5. SAME—BOND.

The omission from the removal bond of the seal to the surety's signature is but a formal defect, which may be cured by amendment.

At Law.

*E. S. White,* for plaintiff.

*William A. Redding, Chas. E. Gross,* and *Henry D. Hyde,* for defendant.

SHIPMAN, J. The questions herein arise under the statute of August 13, 1888, upon the plaintiffs' motion to remand the cause to the state court. The complaint avers that the defendant "is a corporation duly organized, incorporated, and existing under the laws of the state of Maine, located in the city of Portland, in said state of Maine, but having a factory and place of business in" the town of Hartford, in the state of Connecticut. One of the plaintiffs, the Overman Wheel Company, is a corporation under the laws of the state of Connecticut, located in said Hartford. Albert H. Overman, the other plaintiff, is a citizen of the state of Massachusetts, but it now sufficiently appears in the record that he is simply an agent or attorney of the other plaintiff, and has no personal interest in the controversy. His presence as a plaintiff is of no importance with respect to the defendant's right of removal. *Wood* v. *Davis,* 18 How. 467; *Harter* v. *Kernochan,* 103 U. S. 562. Real estate of the defendant in Connecticut was attached. The defendant appeared generally in the state court, and filed a petition, dated May 12, 1891, to remove to this court. The matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000. The petition avers that the controversy is wholly between citizens of different states, and that the defendant was at the time of the commencement of the suit, and still is, a corporation existing under and by virtue of the laws of the state of Maine, located at Portland, in said state, and is a citizen of said state. The petition did not aver that the defendant was a non-resident of the state of

v.46F.no.10—37

Connecticut. The next succeeding term of this court is to be held in September, 1891. . The plaintiff filed the removal record in this court, and has moved to remand.

The main question upon the motion arises upon the omission of the averment in regard to non-residence, which, the plaintiff insists, is an averment of an indispensable jurisdictional fact, the absence of which constitutes a fatal defect in the petition, and in support of its position great and proper reliance is placed upon *Hirschl* v. *Threshing-Mach. Co.*, 42 Fed. Rep. 803. The defendant insists that the averment that it is a corporation under and by virtue of the laws of Maine, and is located at Portland, in said state, is equivalent also to an averment of sole residence in that state; and in support of its proposition justly relies upon *Myers* v. *Murray*, 43 Fed. Rep. 695. I shall not discuss at length the meaning of the term "non-resident" as used in the clause of the act of August 13, 1888, which provides that causes removable upon the ground of diverse citizenship may be removed into the circuit court for the proper district by the defendant or defendants "being non-residents of that state." It has the limited meaning which is ordinarily applicable to the word "residence" or "inhabitancy," when an alien defendant seeks to remove. *Cooley* v. *McArthur*, 35 Fed. Rep. 372. It does not seem probable that congress used the term as synonymous with the expression, "not being citizens," for the ordinary and legal difference between "residence" and "citizenship" is well known. *Parker* v. *Overman*, 18 How. 137. The term must have been used intelligently. I am inclined to the conclusion, therefore, in accordance with the opinion of Judge BARR, that the statute, at least, means that at the time the petition is filed the defendant who seeks to remove on the ground of diverse citizenship at the commencement of and during the suit must not reside within the state wherein he is sued, and that this fact must be averred in the petition to remove, or appear affirmatively in the record which is sent from the state court. *Freeman* v. *Butler*, 39 Fed. Rep. 1.

The next question is, what is necessarily included in the averment that a corporation exists under and by virtue of the laws of Maine, and is located in Portland, in said state? Under the repeated decisions of the supreme court, it is a declaration of residence in Maine. It is not only an averment of citizenship of Maine, but of residence therein, because the place of residence of a corporation necessarily is the state by which it was incorporated, and cannot, by the will of the corporation, or merely by the comity of another state, be in that other state. To enable a corporation to have a residence in another state than the one by which it was originally incorporated there must be a positive and affirmative act of creation or adoption by the new state, which must be more than the permission to own property or do business therein, and more than the grant of privileges to it as an existing corporation. *Insurance Co.* v. *Francis*, 11 Wall. 216; *Ex parte Schollenberger*, 96 U. S. 377; *Railroad Co.* v. *Koontz*, 104 U. S. 11; *Railroad Co.* v. *Alabama*, 107 U. S. 581, 2 Sup. Ct. Rep. 432; *Pennsylvania R. Co.* v. *St. Louis, A. & T. H. R. Co.*, 118 U. S. 290, 6 Sup. Ct. Rep. 1094; *Goodlett* v. *Railroad Co.*, 122

U. S. 391, 7 Sup. Ct. Rep. 1254. Neither the fact that the defendant has a factory and place of business in Connecticut, as averred in the complaint, nor the additional fact, if the same exists, that it has officers and agents in Connecticut, creates a residence for it in this state. Neither would the fact, if it existed, that the statutes of Connecticut required a foreign manufacturing corporation to appoint an agent upon whom service of process in the courts of the state might be made, and an appointment of such resident agent, make the defendant a resident of the state, so that, if sued in a state court in the state, it could not remove the suit to the circuit court. *Insurance Co.* v. *Woodworth,* 111 U. S. 138, 147, 4 Sup. Ct. Rep. 364. Due service of process upon such an agent, either in a suit returnable to a state court or the circuit court in such state, is valid by reason of the consent of the defendant that the service should be valid, (*Railroad Co.* v. *Harris,* 12 Wall. 65; *Ex parte Schollenberger,* 96 U. S. 369,) but neither the statute nor the agency nor the consent creates a residence. It is readily seen that consent, shown by compliance with the statutes of the general character which has been stated, enables suits to be brought against foreign corporations either in a state court or in the proper federal court which sits within such state, for the reason given in the supreme court cases which have been cited; but compliance or consent does not change inhabitancy or residence, or the principle that a corporation resides where it is incorporated. These cases guard against such an idea, and the opinion in *Insurance Co.* v. *Woodworth, supra,* does not, it seems to me, establish a doctrine of residence of corporations in antagonism with the line of cases which have been referred to. I am aware that this theory of the statute is not in harmony with that which is entertained by the circuit judges of the third circuit, but it is substantially in accordance with the views of the circuit judge of the first circuit. *Riddle* v. *Railroad Co.,* 39 Fed. Rep. 290; *Consolidated Store Service Co.* v. *Lamson Consolidated, etc., Co.,* 41 Fed. Rep. 833. There is one method by which the defendant could have become a citizen and a resident of Connecticut, as well as of Maine, which is by having been also incorporated in Connecticut. *Railroad Co.* v. *Alabama, supra.* In this point of view, an averment of the non-existence of the corporation within this state at the time of filing of the petition to remove would have been good pleading, for it might be also a corporation, and therefore a resident of Connecticut, at the same time. It is said, however, that the entire record shows that such a state of things did not exist. *Steam-Ship Co.* v. *Tugman,* 106 U. S. 118, 1 Sup. Ct. Rep. 58. The complaint averred that the defendant was incorporated by Maine, was located in said state, but had a factory and place of business in Connecticut. If it had then been incorporated by Connecticut, the pleader would naturally have so averred, and therefore a fair inference from the language of the complaint is that the corporation did not exist as a legal person in Connecticut on April 7, 1891, when the complaint was verified. On May 12, 1891, the defendant avers that it still was a citizen of Maine. It does not affirmatively appear that it had not become a resident of Connecticut by incorporation by that state, and

there is, for that reason, a technical defect in the record. Defects of substance in the averment of jurisdictional facts cannot be amended in the circuit court, because the record in the state court must affirmatively show that the case is removable, (*Crehore* v. *Railroad Co.*, 131 U. S. 240, 9 Sup Ct. Rep. 692;) but where jurisdictional facts are not properly stated in the petition, an amendment may be permitted, if seasonably applied for, in the original petition, for the purpose of stating them properly, (*Ayres* v. *Watson*, 113 U. S. 594, 5 Sup. Ct. Rep. 641.)

There is an apparent difference of opinion whether, if the case was remanded to the superior court, and the petition was there amended, the filing of a copy of the amended petition and record in this court would present a removable case; the point against any jurisdiction of the circuit court being that the order to remand was final and conclusive. *Johnston* v. *Donvan*, 30 Fed. Rep. 395; *Freeman* v. *Butler*, 39 Fed. Rep. 1. I therefore think it preferable not to issue an order to remand until the defendant has had a reasonable time within which to seek to amend its petition in the state court, and to take such action, upon notice to the plaintiff, in regard to the amended record in this court, as it may be advised.

The remaining ground for an order to remand which was insisted upon is the fact that the signature of the only surety upon the bond was and is without seal. This omission makes the bond a defective one, but defects arising from non-compliance with the directions of the third section of the act, which are formal, may be supplied. *Ayres* v. *Watson, supra; Harris* v. *Railroad Co.*, 18 Fed. Rep. 833. Inasmuch as there is in the petition a defective or insufficient statement of a jurisdictional fact, and the suggestion has been made that the defect may be cured by prompt amendment in the state court, the bond should be made perfect in that court also.