FIRST NAT. BANK v. BRIDGEPORT TRUST CO. et al.

(Circuit Court, D. Connecticut. October 2, 1902.)

No. 1,069.

1. REMOVAL OF CAUSES—CITIZENSHIP OF PARTIES.

Under Act Aug. 13, 1888 (1 Supp. Rev. St. U. S. p. 612, § 2), providing for the removal from state courts to federal courts of civil suits when the controversy is "wholly between citizens of different states, and which can be fully determined as between them," a suit by a bank, for the purpose of determining to whom a deposit should be paid, against the administrator of the deceased depositor, a citizen of the state, who claims the deposit as a part of the estate of the deceased, and against a third person, a citizen of another state, who claims the deposit, is properly removed from the state court to the federal court, for the suit is wholly between citizens of different states, and can be fully determined as between them.

2. SAME—TRANSPOSING PARTIES.

It is the duty of the court to transpose the parties by placing the administrator and third person on opposite sides, and thus retain jurisdiction.

3. SAME—PETITION FOR REMOVAL—JOINDER OF HUSBAND IN WIFE'S PETITION.

The failure of the husband of the third person to join in the petition for removal is immaterial.

Motion to Remand.

¶ 1. Citizenship as affecting jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 253.

Beers & Foster, for plaintiff.

Paige & Carroll and Beardsley & Beardsley, for defendant Bridgeport Trust Co.

Daniel Davenport, for defendant H. P. Hall.

PLATT, District Judge. In Act Aug. 13, 1888 (1 Supp. Rev. St. U. S., on page 612, in section 2), is found this language:

"And when in any suit mentioned in this section there shall be *a controversy which is wholly between citizens of different states,* and *which can be fully determined as between them,* then either *one* or *more* of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The italics are mine. A careful examination of the statutory law and the decisions bearing thereon, assisted, as I have been, by the very able and exhaustive oral arguments and written briefs of counsel, leads me to a conclusion in respect of which I file, very briefly stated, some of my reasons. I trust that the press of affairs will be a sufficient excuse for my refraining from an analysis of the cases cited pro and con, and my reasons for distinguishing those which at first blush might seem to militate against the conclusion which I have reached. In such a situation as this it is the duty of the court to look with great care into the position which the parties to the controversy occupy, and, if it can discover what the real contention is, and between whom it will take place, and finds that the actual participants are all citizens of different states, then it is its duty to rearrange them in such a manner that they can fight out the question between themselves fairly and fully. The First National Bank is nothing but a stakeholder. It brought its action to save annoyance and vexation, to prevent a multiplicity of suits, and to close up the entire controversy in one proceeding. It leaves the parties to fight their own battles. It can, with perfect propriety, lodge its stake in court, and await events. I presume it can be compelled to do so by order of court. It avers its willingness so to do in paragraph 6 of its bill filed in the Fairfield county superior court. Assuming, for the sake of the argument, that the court shall take the parties as they are found on the record prior to the petition for removal, what was the situation? The action is one of interpleader, and sets up the following salient facts: (1) Plaintiff, on January 4, 1901, owed the late George F. Gilman $10,000. (2) The Bridgeport Trust Company was appointed administrator of his estate. (3) Helen Potts Hall, of New York, claimed to own the deposit, and sued for it on March 18th by writ returnable to the first Tuesday of April, 1901, in the superior court for Fairfield county. (4) The Bridgeport Trust Company has demanded the money, and has threatened to sue for it. (5) Plaintiff is "ignorant of the respective rights of said claimants," and does not know which ought to have the deposit. (6) Plaintiff is willing to pay the money as directed by the court. The parties are required to interplead. Blakeley Hall is made codefendant for no other reason than that he is the husband of Helen Potts Hall. Can there be any question but that, upon those facts alone, the controversy was "wholly" between the Bridgeport Trust Company, a Connecticut corporation, the administrator of the late George F. Gil-

man, who claimed the deposit as part of the Gilman estate, and Helen Potts Hall, of New York, who claimed to own the money, and had brought suit for it? No one had, up to that time, nor in fact has any one since then, laid claim to this fund; and between the parties named the controversy over it is capable of full determination. It is without doubt the duty of the court to transpose the parties, placing the trust company and Helen Potts Hall on opposite sides of the controversy, thus retaining jurisdiction of the subject-matter. This the court does. In the face of the language of the act, the fact that Blakeley Hall was not joined in the petition for removal has no weight. So far as the court can see, Mrs. Hall was and is fully able to take care of her own interests from every point of view.

Motion to remand is denied, with costs.