JOHNSTON R. FROG & SWITCH CO. v. BUDA FOUNDRY
& MFG. CO. et al.

(Circuit Court, E. D. Pennsylvania.   November 23, 1906.)

No. 37.

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—ARRANGEMENT OF PARTIES.
   A suit between a corporation of one state and a corporation of another
   is removable by the latter, although there are joined with it as defend-
   ants a second corporation and two individuals, all citizens of the same
   state as the complainant, where such second corporation is a mere stake-
   holder, having no interest in the suit, and the individual defendants are,
   respectively, the president and treasurer of complainant and their inter-
   ests are substantially identical.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes,
   § 70.]

On Motion to Amend Petition for Removal, and Motion to Remand
to State Court.

G. B. Lindsay and J. G. Johnson, for complainant.

George Q. Horwitz, for Buda Foundry & Mfg. Co. and West End
Trust Co.

J. W. Bayard, for E. H. Johnston and Charles H. Johnston.

J. B. McPHERSON, District Judge.   The real dispute in this case
is between the Johnston Railroad Frog & Switch Company, a Pennsyl-
vania corporation, and the Buda Foundry & Manufacturing Company,
a corporation of the state of Illinois.   Of the three defendants remain-
ing, the West End Trust Company is a mere stakeholder, and the inter-
est of Edward H. Johnston and Charles H. Johnston is substantially
identical with the interest of the complainant.   They are its president
and treasurer, respectively, are members of the board of directors, con-
trol the stock of the corporation, and took part in the passage of a
resolution directing this suit to be brought against the Buda Company.
Moreover, the Johnstons have filed an answer admitting the truth of
all the facts set out in the bill, and submitting themselves in all
respects to the decree of the court; and the answer of the trust com-
pany is to the same effect.   It is therefore clear, under the decisions,
that no real dispute exists so far as these three defendants are con-
cerned, and that a proper arrangement of the parties would disclose a
controversy in which the Johnstons should be classed with the com-
plainant, and that the trust company may be treated as a formal party,
having no interest in the result of the litigation.   As a consequence,
the Circuit Court has jurisdiction to entertain the suit.   Removal Cases,
100 U. S. 457, 25 L. Ed. 593; Hutton v. Bancroft Co. (C. C.) 77
Fed. 481.

The defendant is granted leave to amend the petition for removal
as prayed.

The motion to remand is refused.