## TAYLOR v. SOUTHERN RY. CO.

(Circuit Court, N. D. Georgia. April 23, 1910.)

**1. COMMERCE (§ 27*)—RAILROAD EMPLOYÉS—EMPLOYER'S LIABILITY ACT—"EMPLOYED IN INTERSTATE COMMERCE."**

A member of a railroad bridge gang, injured, while engaged and within the scope of his employment in repairing bridges, by an alleged defective scaffold, though his duties required work in the repair of bridges for the railroad company in different states, was not "employed in interstate commerce," within the employer's liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), making a common carrier by railroad, while engaged in commerce between the several states, liable in damages to any person suffering an injury while he is employed by such carrier in such commerce, etc.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 27.*]

**2. COMMERCE (§ 8*)—INJURIES TO SERVANT—EMPLOYER'S LIABILITY ACT.**

The employer's liability act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]) supersedes all other laws concerning the liability of common carriers engaged in interstate commerce by railroad to employés while engaged in such commerce.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 8.*]

**3. REMOVAL OF CAUSES (§ 50*)—JOINT LIABILITY—CITIZENSHIP OF PARTIES.**

Plaintiff, a railroad bridge hand, was injured while at work on one of its bridges by an alleged defective scaffold on which he was directed to work. He joined the railroad company, a citizen and resident of another state, and his foreman, who was a resident and citizen of the same state as plaintiff, in an action for his injuries was brought, alleging that while he was absent from work the foreman had placed a plank on the side of the bridge below the tracks to be used as a scaffold without nailing it to the sills of the bridge, and that after his return he was directed by the foreman to tie a rope to the plank so that it might be lifted to the trestle, and while attemping to do so the plank tilted over the end of the sills, throwing plaintiff to the ground below. *Held,* that the complaint stated a cause of action against the railroad company for failing to furnish a safe place and an action against the foreman for misfeasance, and that the cause was, therefore, not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 100; Dec. Dig. § 50.*

Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

At Law. Action by R. F. Taylor against the Southern Railway Company and another. On motion to remand. Granted.

Lawton Nalley, for petitioner.

F. A. Cantrell and Maddox, McCamy & Shumate, for defendant.

NEWMAN, District Judge. This is a motion to remand a case removed from the superior court of Gordon county to the United States Circuit Court for the Northern District of Georgia.

The declaration in the case contains two counts. In the first count the railway company and the individual, Avery, are sued jointly under the employer's liability act of Congress (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]).

The removal is on the ground that there is a separable controversy, inasmuch as Avery, the individual defendant, could not be sued under this act of Congress.

It is perfectly manifest that Avery is not liable under this act, as the act applies only, by its terms, to "common carriers by railroad while engaged in commerce between any of the several states," etc.

The plaintiff was a member of a bridge gang, engaged in repairing bridges. The allegation in the declaration is this:

"On August 17, 1908, plaintiff was in the employ of the Southern Railway Company as one of a bridge gang. The foreman of said bridge gang was the defendant S. L. Avery.

"About one week prior to said date, said bridge gang had been doing repair work on the Southern Railway Company's bridge over the Oostanaula river, in said county, during which time petitioner was absent.

"Said bridge was on the through line of the defendant from Atlanta, Georgia, to Chattanooga, Tennessee, and its use was necessary for the interstate commerce of the Southern Railway Company. Petitioner in his bridge work worked on the lines of the defendant Southern Railway Company, both in Georgia and in other states.

"The Southern Railway Company used said bridge at the time plaintiff was injured in carrying on its interstate commerce.

"For the reasons set forth in the preceding paragraphs, petitioner was an employé of the Southern Railway Company, employed by it in interstate commerce."

The complainant claims that he was injured by reason of a plank being loose, which formed a part of the scaffold used in doing repair work on the bridge.

I do not know how far this employer's liability act will be extended as to the class of employés held to be engaged in interstate commerce; but it seems reasonably clear to me that a man engaged in repairing bridges and doing bridge work generally, even though he worked in different states for the railroad company, is not engaged in interstate commerce within the meaning of this act.

The only case I have seen of a person employed in the same capacity as the plaintiff in this case is Snead v. Central of Georgia Railway Company (C. C.) 151 Fed. 608, decided by Judge Speer of the Southern District of Georgia. The demurrer to the declaration in that case was overruled, which, apparently, sustained the right of the plaintiff to recover. That case, however, was under the first employer's liability act, approved June 11, 1906 (34 Stat. 232, c. 3073

[U. S. Comp. St. Supp. 1909, p. 1148]) the language of which was essentially different from that of the present act, passed and approved in 1908. The language of the first act was that:

"Every common carrier engaged in trade or commerce in the District of Columbia, or in any territory of the United States, or between the several states, or between any territory and another, or between any territory or territories and any state or states, or the District of Columbia, or with foreign nations, or between the District of Columbia and any state or states or foreign nations, shall be liable to any of its employees," etc.

The present act provides:

"That every common carrier by railroad, while engaged in commerce between any of the several states, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce," etc. (Act April 22, 1908, c. 149, § 1, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1172])

—making a very material difference in this: That under the first act common carriers engaged in interstate commerce were made liable to any of their employés, while by the last act they are liable in damages to persons employed by such carriers in such commerce.

The act of 1906 was declared unconstitutional by the Supreme Court in Employer's Liability Cases, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297, for the reason that it applied to employés of interstate carriers, whether those employés were engaged in interstate commerce, or only in intrastate commerce, so that there is a marked distinction between the two acts.

As the plaintiff was not, in my judgment, engaged in such employment as brings him within the terms of the act, no case is made against either the railroad company or Avery under this count. If there was a liability on the part of the railway company under the employer's liability act, as it supersedes all other law concerning the liability of common carriers engaged in interstate commerce by railroad to employés while engaged in such commerce, it would be unnecessary to consider the second count in the declaration; but, inasmuch as no case is made under the first count, it will be necessary to consider the motion on the second count.

The second count in the declaration is also against the railroad company and against Avery, the individual. The allegations, so far as they seem to state the grounds of liability on the part of the company and Avery, are these:

"About one week prior to said date, said bridge gang had been doing repair work on the Southern Railway Company's bridge over the Oostanaula river, in said county, during which time petitioner was absent.

"While petitioner was absent, said bridge gang, under the direction of its foreman, had placed a plank on the side of the bridge about three feet below the tracks, which plank was used as a scaffolding on which members of the bridge gang stood while doing repair work.

"Said plank had been, but was not now, nailed to the sills of the bridge which supported it. The sills protruded under the plank about one-half of its width; the plank being approximately a foot wide.

"On the said date, under the direction of the said foreman, petitioner was

directed to go upon said plank in the performance of his duties and tie a rope around it, so that the same could be lifted to the said trestle.

"Petitioner went upon said plank, not knowing that at the time it was not nailed. While standing on it, in an effort to tie a rope around it, for the purpose aforesaid, the plank tilted over the ends of the sills on which it was resting, throwing petitioner some 20 feet to the ground below.

"Petitioner did not know how much of the underneath surface of the plank was resting on the sills, for he was not present when the plank was put at the place aforesaid.

"By reason of the plank resting as aforesaid on the said sills, it was caused to tilt with the weight of petitioner upon it."

These paragraphs seem to state a cause of action against the railroad company for failing to furnish its employés a safe place to work; this being a nondelegable duty. It is not so clear that a good cause of action is stated against Avery. It is probably an imperfect statement. The cause of action against both the company and Avery is sending the plaintiff to work upon a defective and unsafe scaffolding. I hardly think that, on this motion to remand, the court should determine the sufficiency of the pleadings. There is some doubt about it; but it probably states a case of misfeasance against Avery, if it states any at all. Morris v. Louisville & Nashville R. Co. (C. C.) 175 Fed. 491.

The case made in the second count of the declaration is, therefore, against the Southern Railway Company, a citizen and resident of another state, and against Avery, a citizen of this state and resident of this district. So, two of the adverse parties being citizens and residents of this district, the case is not removable.

The motion to remand will be granted.