STAFFORD v. NORFOLK & W. RY. CO.

(District Court, E. D. Kentucky. February 10, 1913.)

REMOVAL OF CAUSES (§ 25*)—ACTIONS NOT REMOVABLE—DEATH OF EMPLOYÉ —FEDERAL EMPLOYER'S LIABILITY ACT—PETITION—REMAND.

Where plaintiff sued for death of intestate, a track repairer on defendant's railroad, and the petition, after alleging that defendant was a common carrier engaged in interstate commerce and that plaintiff, at the time he was killed, was engaged in repairing the track, which was a necessary and essential part of defendant's interstate commerce, alleged the West Virginia wrongful death act, and prayed a recovery of $3,000, and before the filing of a petition for removal plaintiff raised the damages by amendment to $10,000, and alleged that the action was based on the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), etc., the case made by the petition was within such act, and not removable, without reference to whether decedent was in fact employed in interstate commerce within the act.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

Action by John H. Stafford, as administrator, etc., against the Norfolk & Western Railway Company. On motion to remand. Sustained.

Willis Staton, George Pinson, Jr., and Roscoe Vanover, all of Pikeville, Ky., for plaintiff.

Holt, Duncan & Holt, of Huntington, W. Va., for defendant.

COCHRAN, District Judge. This case is before me on motion to remand. It is a suit to recover damages for the death of plaintiff's intestate, alleged to have been wrongfully caused by the defendant. He was run down and killed by one of its trains whilst he was employed by it in repairing its railway tracks near Rose Siding, in Mingo county, W. Va. The suit was brought in the circuit court of Pike county, in this state, and has been duly removed from thence here.

The plaintiff's petition alleged that the defendant is a common carrier engaged in interstate commerce, and that the repairing of its track by the decedent, in which he was engaged at the time of his death, "was necessary and an essential part of carrying on the interstate commerce herein set out, and that it was entirely impossible for defendant to have carried on said interstate commerce as herein set out without the aid of track repairers, and that the work of repairing said tracks was a necessary and essential part of carrying on the interstate commerce between said states by the defendant herein." It did not allege whether the train that killed decedent was an interstate or intrastate train. It set forth in terms the West Virginia wrongful death statute, and prayed recovery of $3,000 damages. By an amended petition, filed before the petition for removal, the amount of recovery sought was raised to $10,000, and it was alleged as follows, to wit:

"That plaintiff bases this action on what is known as the Employer's Liability Act, being an act of the Congress of the United States of America;

the title to said act being 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April 22, 1908 [Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322)], with an amendment thereto approved April 5, 1910 [Act April 5, 1910, c. 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324)]."

The removability of the case depends upon the question whether it is one arising under that act. If it is not it was removable, for the petition for removal alleges diversity of citizenship between the parties; the plaintiff being alleged to be a citizen of the state of Kentucky and the defendant a West Virginia corporation. If it is the amendment prohibits its removal.

Counsel treat the question as to whether the case is one so arising as depending solely upon the question whether, on the facts alleged in the petition, the plaintiff is entitled to recover under the Employer's Liability Act. To recover under that act it is essential that the employé should at the time of his injury be employed by the carrier in interstate commerce. It is contended on behalf of the plaintiff that according to the facts alleged in the petition the decedent was so engaged when run down by defendant's train. Such being the claim, the ultimate fact that he was so employed should have been distinctly alleged. This contention is disputed by the defendant. There is thus raised the question whether a track repairer of a common carrier engaged in both interstate and intrastate commerce is employed by such carrier in interstate commerce within the meaning of the act.

In support of the position that he is, the plaintiff's counsel cite Thornton on Federal Employer's Liability and Safety Appliance Acts, pp. 56, 58, 59, 60; Interstate Com. Com. v. I. C. R. R. Co., 215 U. S. 452, 30 Sup. Ct. 155, 54 L. Ed. 280; Employer's Liability Cases, 207 U. S. 495, 28 Sup. Ct. 141, 52 L. Ed. 297; Zikos v. Oregon R. Co. (C. C.) 179 Fed. 893; Colasurdo v. Central R. R. of New Jersey (C. C.) 180 Fed. 832. Against this position defendant's counsel cite Taylor v. Southern Ry. Co. (C. C.) 178 Fed. 380; Pedersen v. D., L. & W. R. R. Co. (C. C. A.) 197 Fed. 537; Charleston & W. C. Ry. Co. v. Anchors, 10 Ga. App. 322, 73 S. E. 551; St. L., S. F. & T. Ry. Co. v. Seale (Tex. Civ. App.) 148 S. W. 1099. To the same effect may be cited the case of Pierson v. N. Y. S. & W. Ry. Co. (N. J.) 85 Atl. 233. In support of the position may be cited the case of Jones v. C. & O. Ry. Co., 149 Ky. 566, 149 S. W. 951, which is still pending on a petition for rehearing.

The question thus raised I do not feel called upon to decide in this case, as I am constrained to hold that the case is one arising under the Employer's Liability Act, even though it be conceded that plaintiff's intestate was not employed in interstate commerce within its meaning, and ultimately plaintiff will not be able to recover thereunder. It is clear that the plaintiff claims that the case comes within the act, and bases his right to recover solely upon its provisions. The setting forth in terms of the West Virginia wrongful death statute in the original petition to no extent militates against this view. However it may have been under the original petition, the amended petition, which raised the amount in controversy to an amount within this court's jurisdiction, leaves no room for question as to this. It is clear, also, that

this claim is not a frivolous one, but one for which a substantial basis exists. This I understand to be sufficient to make the case one arising under the act. In the case of Pac. Elec. Ry. Co. v. Los Angeles, 194 U. S. 112, 24 Sup. Ct. 586, 48 L. Ed. 896, Mr. Justice McKenna said:

"Jurisdiction depends primarily upon the allegations of the bill, not upon the facts as they may subsequently turn out, * * * nor upon the actual sufficiency, in the opinion of the court, of the facts alleged to justify the relief prayed for. We do not mean, however, that a mere claim in words is sufficient; a substantial controversy must be presented. This requirement is satisfied in the case at bar. The Circuit Court, therefore, had jurisdiction, and the case was properly brought here from that court, since it involves the construction and application of the Constitution of the United States."

The motion to remand is sustained.