**JAMES FERRY, Inc., v. JOHN R. WIGGINS CO., Inc., et al.**

(District Court, D. New Jersey. March 22, 1923.)

**1. Removal of causes ⊜⇒48—Controversy must be wholly between citizens of different states and fully determinable as between them..**

To constitute a removable, separable controversy, under Judicial Code, § 28 (Comp. St. § 1010), the controversy must be wholly between citizens of different states and one which can be fully determined as between them.

**2. Removal of causes ⊜⇒58—Permitted where one of several causes removable, and indispensable parties only considered to determine separable controversy.**

A suit may embrace several distinct controversies, and where two or more causes of action are united in one suit there may be a removal of the whole suit, on the petition of one or more of the defendants interested in the controversy, which, if it had been sued on alone, would be removable, and in determining whether there is such a separable controversy indispensable parties only should be considered.

**3. Removal of causes ⊜⇒57—Suit between contractor and subcontractor removable for diversity of citizenship, municipality joined as defendant and having same citizenship as plaintiff not being indispensable party.**

Under Act N. J. March 5, 1918 (P. L. p. 1041), authorizing a lien on funds due or to become due to a contractor from a municipality, but permitting the municipality to pay the contractor on his giving required bond, and requiring the city to be made a party to suits brought to enforce claims, and containing other provisions as to consolidation of suits and disposition of moneys due by the municipality, *held* that, since a subcontractor could sue the contractor alone without joining the board of education, for whom the contract was performed, the board of education was not a necessary or indispensable party, and hence the suit was removable

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for diversity of citizenship between contractor and subcontractor, irrespective of the citizenship of the board of education.

In Equity. Suit by James Ferry, Inc., against the John R. Wiggins Company, Inc., and another. Removed from the New Jersey Court of Chancery, and plaintiff moves to remand. Motion denied.

C. C. Shinn, of Atlantic City, N. J. (Bourgeois & Coulomb, of Atlantic City, N. J., of counsel), for complainant.

Cole & Cole, of Atlantic City, N. J. (C. L. Cole, of Atlantic City, N. J., of counsel), for defendant John R. Wiggins Co., Inc.

RELLSTAB, District Judge. This suit was begun in the Court of Chancery of the state of New Jersey and was removed into this court by the defendant John R. Wiggins Company (hereinafter called Wiggins Co.) on the ground that the controversy was wholly between citizens of different states. The plaintiff moves to remand, for the reason that the plaintiff and the defendant the board of education of the city of Atlantic City (hereinafter called the board of education) are citizens of the state of New Jersey, and that the action involves but a single controversy.

The facts alleged in the bill, and not disputed, so far as necessary to be stated on this motion, are that the plaintiff and the defendant the board of education are corporations of the state of New Jersey; that Wiggins Co. is a corporation of the state of Delaware; that Wiggins Co. entered into contracts with the board of education to erect a high school in Atlantic City, and subcontracted a portion of the work to the plaintiff; that the plaintiff performed its contract, and that there is due to it from Wiggins Co. the sum of $32,829.79; that plaintiff, under and in compliance with the New Jersey statute (P. L. 1918, p. 1041), securing the payment to persons employed upon a municipal work of the amount due them for work performed thereon, filed with the board of education its claim against Wiggins Co. for the amount stated; that the plaintiff has a lien for the amount of the claim upon the moneys due Wiggins Co. under its contract with the board of education. The bill prays an answer from each defendant, an ascertainment of the amount due Wiggins Co. under such contract, and that the board of education may be decreed to pay out of the moneys owing by it to Wiggins Co. the amount of the plaintiff's claim.

[1] Therefore the sole question for determination is whether there is a separable controversy between the plaintiff and Wiggins Co., between whom there is diversity of citizenship; there being no such diversity between the plaintiff and the board of education. To constitute a removable separable controversy, it must be "wholly between citizens of different states, and which can be fully determined as between them." Judicial Code, § 28 (Comp. St. § 1010).

[2] A suit may, consistently with the rules of pleading, embrace several distinct controversies. Barney v. Latham, 103 U. S. 205, 212, 26 L. Ed. 514. Where two or more causes of action are united in one suit, there may be a removal of the whole suit on the petition of one or more of the defendants interested in the controversy, which,

if it had been sued on alone, would be removable. Hyde v. Ruble, 104 U. S. 407, 409, 26 L. Ed. 823. In determining whether there is such a separable controversy, indispensable parties only should be considered. Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Rogers v. Penobscot Mining Co. (C. C. A. 8), 154 Fed. 606, 610, 83 C. C. A. 380; Roberts v. Underwood Typewriter Co. (D. C. N. J.) 257 Fed. 583, 585, and cases cited.

[3] If the board of education is a necessary party to the controversy between the plaintiff and Wiggins Co., the suit must be remanded to the state court, and its status in that respect is fixed by the state statute invoked by the plaintiff in its endeavor to fasten a lien upon the moneys referred to. The pertinent parts of this statute (P. L. N. J. 1918, p. 1041) are: That the lien attaches "to the extent of the liability of the contractor * * * for the claim preferred upon any funds which may be due or to grow due to the said contractor from the municipality under the contract against which the lien is filed" (section 5); that the municipality may pay the contractor the amount due him upon the latter giving bond conditioned for the payment of such sum as may be decreed under such claims (Id.); that in the suit brought to enforce the filed claim the city, or public board with whom the contract was made, must be made a party defendant (section 9); that in such suit the court shall determine the validity of the lien claimed and the amount due from the municipality to the contractor under the contract, and "shall make a decree directing the municipality, out of the moneys due from it to the contractor, to pay over to the several claimants the sums found due to them respectively" (section 10), and to ratably pay the claims, if the moneys in the hands of the municipality are insufficient to pay them in full (Id.); that separate suits may, upon the application of any of the defendants, be consolidated (section 11); that the municipality may pay into court the amount admitted to be due to the principal contractor (section 13); and that the right is reserved to the person claiming any indebtedness to sue the persons liable therefor (section 14).

If, instead of invoking the aid of this statute, the plaintiff had exercised its right reserved in section 14 and brought a personal action against Wiggins Co. alone, it could have been prosecuted to judgment without joining the board of education as a party defendant. This, to my mind, establishes that there is a separable controversy between the plaintiff and Wiggins Co., to the determination of which the board of education is not a necessary or indispensable party. Whether there is in the hands of the board of education any money subject to the lien of the plaintiff's claim, and, if so, how much, are questions in no way involved in the controversy between the other parties to the action. The relation of the board of education to plaintiff and Wiggins Co. (contractor and subcontractor) is analogous to that of a stakeholder, who, it has been held, is not a necessary or indispensable party. Johnston R. Frog & Switch Co. v. Buda Foundry & Mfg. Co. (C. C. E. D. Pa.) 148 Fed. 883.

The motion to remand is denied.