### FORD et al. v. ADKINS et al.

No. 179–D.

District Court, E. D. Illinois.

July 7, 1941.

John Gleason, of Salem, Ill., and Kern, Pearce & Pearce, of Carmi, Ill., for plaintiff.

J. G. Van Keuren, of DuQuoin, Ill., Adams, Hawxhurst, Hawley & White, of Chicago, Ill., and Carter Harrison and Roy C. Martin, both of Benton, Ill., for defendant.

LINDLEY, District Judge.

Plaintiffs, claiming to be entitled to the oil and gas underlying premises here involved, sued in equity in the state court to quiet their title and to reform a warranty deed executed by plaintiffs Minier and wife to Walter W. Williams by striking therefrom the words "oil and gas" wherever the same appear. It was averred that it was not the intent of the grantors to include in this deed the oil and gas and that the instrument should be reformed accordingly. The bill further averred that, subsequent to his acquisition of title, Williams, the grantee in the deed mentioned, on May 17, 1918, conveyed and transferred to defendant coal company all the coal, oil and gas acquired by him from the Miniers.

Defendants other than Williams, all of whom acquired their claims of title subsequent to Williams' conveyance, filed in the state court a petition to remove, show-ing diversity of citizenship between petitioners and plaintiffs and a jurisdictional amount in controversy. Petitioners alleged that a separable controversy exists as between them on the one side and the plaintiffs on the other. The record having been lodged in this court, plaintiffs now move to remand. The sole controversy is as to the indispensability of Williams as a party. If he is indispensable, his citizenship destroys the jurisdiction of this court. If he is not indispensable the motion to remand must be denied.

In determining jurisdiction and the right of removal of causes, indispensable parties only are considered; and so the court, in ascertaining whether the controversy upon which the application for removal is based is wholly between citizens of different states, will disregard the citizenship of all parties who are dispensable. James Ferry, Inc. v. John R. Wiggins Co., D.C., 287 F. 421; Moloney v. Cressler, 7 Cir., 210 F. 104; Broadway Ins. Co. v. Chicago G. W. R. Co., C.C., 101 F. 507; Overman Wheel Co. v. Pope Mfg. Co., C.C., 46 F. 577; McHenry v. New York, P. & O. R. Co., C.C., 25 F. 65; Egyptian Novaculite Co. v. Stevenson, 8 Cir., 8 F.2d 576; Johnston R. Frog & Switch Co. v. Buda Foundry & Mfg. Co., C.C., 148 F. 883; Boatmen's Bank of St. Louis, Mo. v. Fritzlen, 8 Cir., 135 F. 650; First Nat. Bank v. Bridgeport Trust Co., C.C., 117 F. 969; Brown v. Murray, Nelson & Co., C.C., 43 F. 614; Ruckman v. Palisade Land Co., C.C., 1 F. 367.

In Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 14, 54 L.Ed. 80, the court said: "If the court can do justice to the parties before it without injuring absent persons, it will do so, and shape its relief in such a manner as to preserve the rights of the persons not before the court. * * * the court may * * * generally shape its decrees so as to do justice to those made parties, without prejudice to such absent persons. [Citing Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260]."

In Texas Co. v. Wall et al., 107 F.2d 45, at 50, the Circuit Court of Appeals for this Circuit said: "One is not an indispensable party to a suit merely because he has a substantial interest in the subject matter of the litigation, nor is one an indispensable party even though one's interest in the subject matter of the litigation is such that his presence as a party to the

suit is required for a complete adjudication in that suit of all questions related to the litigation. The test as suggested in Waterman v. Canal-Louisiana Bank & Trust Co. [supra], may be stated thus: Is the absent person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of such absent person?"

"Persons having interest in subject-matter of litigation which may conveniently be settled therein are 'proper parties,' those whose presence is essential to determination of entire controversy are 'necessary parties,' but, if interests of parties before the court may be finally adjudicated without affecting interests of absent parties, presence of 'proper parties' is not indispensable, whereas 'indispensable parties' are those having such an interest in subject-matter of controversy that final decree between parties before the court cannot be made without affecting their interests or leaving controversy in such situation that its final determination may be inequitable." Chicago, M., St. P. & P. R. Co. v. Adams County, 9 Cir., 72 F.2d 816; Mitchell v. Smale, 140 U.S. 406, 409, 11 S.Ct. 819, 840, 35 L.Ed. 442; Wilson v. Oswego Township, 151 U.S. 56, 63, 14 S. Ct. 259, 38 L.Ed. 70; Wirgman v. Persons, 4 Cir., 126 F. 449; Commercial Casualty Ins. Co. v. Lawhead, 4 Cir., 62 F.2d 928, certiorari denied, 289 U.S. 731, 53 S. Ct. 527, 77 L.Ed. 1480; Texas Co. v. Wall, 7 Cir., 107 F.2d 45.

■ Under these frequently enunciated principles Williams is not an indispensable party. He is no longer the owner of any of the property involved. More than twenty years ago, by deed of record, he conveyed all interest therein and it is a matter of no moment to him whether plaintiffs or defendants win upon the issues presented by the bill of complaint. Donovan v. Campion, 8 Cir., 85 F. 71. The fact that Williams may have executed a warranty deed and thereby become liable to his grantee for breach of warranty if plaintiffs succeed, as suggested by plaintiffs, does not change the situation. Plaintiffs are not interested in whether any defendant has a cause of action against any other. Rather they are endeavoring to establish title to property now claimed entirely by defendants other than Williams. His presence is wholly unnecessary; it can add nothing to plaintiffs' claim and is of no avail in the establishment of that claim. Clearly he is to be ignored in determining whether the cause is properly removed.

■ Plaintiffs insist that the question of whether Williams is indispensable should be determined by Illinois decisions. This is incorrect. Whether parties are indispensable must be determined by the federal court according to federal rather than state rules, for the question of their jurisdiction is one which the federal courts must determine for themselves. Chicago, M., St. P. & P. R. Co. v. Adams County et al., 9 Cir., 72 F.2d 816; American Central Ins. Co. et al. v. Harmon Knitting Mills, Inc., 7 Cir., 39 F.2d 21; Simon v. Shaffer, D.C., 11 F.Supp. 450; Webb v. Southern R. Co., D.C., 235 F. 578. However, it is well to note that in Valentine Briegel v. Moeller, 82 Ill. 257, the Illinois court held that where the owner of land conveys all his interest to two purchasers, and a controversy arises thereafter as to the title, the grantor is not a necessary party to a bill to correct a mistake. In Roby v. South Park Commissioners, 252 Ill. 575, 97 N.E. 225, the court held again that a grantor who has parted with all interest in land is not a necessary party defendant to a bill against his grantee and others to quiet title to the land. See, also, Mills v. Lockwood, 42 Ill. 111. Thus it appears that even were the state decisions applicable, the same result would ensue.

In presenting this contention that the state law governs, plaintiffs rely upon Morris v. Louisville & N. R. Co., C.C., 175 F. 491. But that was an action at law, when the practice in such trials in the federal court was, by virtue of the conformity act, 28 U.S.C.A. §§ 724, 726, 727, tried in accord with the practice and pleading in the state court. The court merely held that the question whether the declaration stated a joint cause of action against the defendants, should, under the conformity act, be determined by the law of the state. This was clearly right, but has no application to the question here. Similar in fact were McFarland v. B. F. Goodrich Rubber Co., 8 Cir., 47 F.2d 44; Norwalk v. Air-Way Electric Appliance Corp., 2 Cir., 87 F.2d 317, 110 A.L.R. 183.

■ In Turk v. Illinois Central R. Co., 6 Cir., 218 F. 315, likewise relied upon by plaintiffs, the court held that the question

of plaintiffs' rightful status as a party in an action at law for the purpose of determining the right of removal is to be determined by the law of the state. This is undoubtedly the rule, that is, whether one has a cause of action under a state statute is a question of state law. The court merely held that the statutes of Kentucky were such as to make defendant an indispensable party. This is not our question. It is clear here that, under the statutes of Illinois and in pursuance of his conveyance made in conformity with those statutes, Williams has conveyed his interest. He is no longer concerned in the property, and no Illinois statute or decision makes him an indispensable party.

The motion to remand should be and is denied.