WARD v. FRANKLIN et al.

(Circuit Court, N. D. New York.   September 24, 1901.)

No. 3,391.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—JOINT ACTION FOR TORT.

An action against a number of defendants to recover damages for assault and false imprisonment, charged in the complaint to have been committed by certain of the defendants at the instigation of another defendant, through her agent, is one to enforce a joint liability for the tort, and is not removable by the last-named defendant, on the ground that as to her it involves a separable controversy.[1]

At Law. On motion to remand to state court.

B. & C. B. Johnson, for the motion.
William H. Harris, opposed.

COXE, District Judge. This action was brought in the supreme court of the state of New York, the venue being laid in Delaware county. The defendant Louisa M. Gerry, who is a citizen of Rhode Island, removed the cause to this court upon the ground that there is a separable controversy as to her. All of the other defendants, seven in number, are citizens of New York. The plaintiff now moves to remand.

The act of March, 1887–88, provides that

"When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district." 25 Stat. 433.

---

[1] Separable controversy as ground for removal, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86, and Mecke v. Mineral Co., 35 C. C. A. 155.

The plaintiff and the defendant Louisa M. Gerry are citizens of different states and the only question, therefore, is whether there is a controversy which can be fully determined as between them. The question is still further narrowed by the concession of the defendant Gerry that if the liability of the defendants can be construed as a joint liability the cause cannot be removed even though the plaintiff might have elected to pursue the defendants separately. Railroad Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121. In determining the nature of the controversy recourse must be had to the complaint. The cause of action is what the plaintiff declares it to be. Powers v. Railroad Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. The complaint alleges that the defendants, other than Louisa M. Gerry and George W. Youmans, conspiring together, committed an assault upon the plaintiff on lands owned by the defendant Gerry, and subsequently falsely arrested and imprisoned the plaintiff and extorted money from him by threats and violence to his damage in the sum of $10,000. It is alleged, further, that the assault and false imprisonment were pursuant to the directions of the defendant Gerry, acting by and through the defendant George W. Youmans, who employed and paid the other defendants to go upon the lands of the defendant Gerry and assault, arrest and imprison the plaintiff, and that the other defendants were the servants and agents of the defendant Gerry acting under instructions from her and the defendant George W. Youmans. The pleader evidently intended to state a cause of action against the defendants jointly for assault and false imprisonment, and it is thought he has succeeded in doing so. The complaint bears evidences of having been hurriedly drawn, but it alleges a conspiracy in which all the defendants were engaged, though in different capacities. The actual assault was made by the six defendants first named in the complaint, but they were incited to commit their unlawful acts by the defendant George W. Youmans who was there as the agent of the defendant Gerry to see that her wishes were carried out and her orders obeyed. After describing the various transactions of the 19th and 20th of April, 1901, the complaint proceeds as follows:

"That the plaintiff was by these defendants in the manner aforesaid * * * imprisoned and deprived of his liberty," etc.

A clause of the complaint marked "second" alleges that the plaintiff

—"Was arrested and imprisoned by the orders and directions of the defendant Louisa M. Gerry acting by and through the defendant George W. Youmans, * * * and that whatever was done by the other defendants * * * was done * * * pursuant to directions and instructions from her and the defendant George W. Youmans."

It would seem that under these averments it is possible for the plaintiff to prove that the assault and imprisonment were with the concurrence and express direction of the defendant Louisa M. Gerry, and that the plaintiff's injuries were received by the joint wrongdoing of the defendants. It matters not that on the trial facts may develop which may exculpate the defendant Gerry, the question must be de-

termined by what is alleged in the complaint, not what may be proved hereafter.

The cause should be remanded upon the following authorities: Railroad Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528; Fox v. Mackay (C. C.) 60 Fed. 4; Charman v. Railroad Co. (C. C.) 105 Fed. 449. In Pirie v. Tvedt, supra, the court uses the following language, which is applicable to the case at bar:

"There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately, or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of the defendants only, does not divide a joint action in tort into separate parts any more than it does a joint action on contract."

The motion to remand is granted.