# GEER v. MATHIESON ALKALI WORKS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 261. Submitted April 24, 1903.—Decided June 1, 1903.

On the authority of *Conley* v. *Mathieson Alkali Works, ante,* p. 406, the service of a summons in New York on a director of a foreign corporation not transacting business in that State *held* insufficient.

In an action brought in a state court by citizens of one State against two corporations, citizens of another State, and the directors thereof, some of whom are citizens of the same State as the plaintiff, for the purpose of setting aside a conveyance made by one defendant corporation to the other, the action may be severable as to the conveying corporation; and if it is so, and as to the cause of action alleged against it, its directors are not necessary parties, it may remove the action as to it into the Circuit Court of the United States.

THIS is an appeal from an order dismissing appellants' bill for want of due service of process.

The suit is in equity, and was commenced in the Supreme Court of the State of New York to set aside the conveyance made by the Mathieson Alkali Company to the Castner Electrolytic Alkali Company, on the ground that the conveyance was fraudulent. The directors of the former company were made defendants. On the petition of the defendant companies the case was removed to the Circuit Court of the United States for the Southern District of New York, on the ground that the controversy was wholly between citizens of different States, and separable as to them. The appellants made the motion in the Circuit Court to remand the case to the state court, but the motion was denied, the Circuit Court saying:

"Whatever relief the complainants may be entitled to against the directors upon the facts alleged, they would as to the two corporations be entitled to a decree for retransfer of the property and an accounting for damages sustained by the transfer. This is a controversy separable from the one between complainants and the officers and directors who effected the trans-

fer, and citizenship of the parties to that separable controversy being such as the statute contemplates the motion to remand is denied."

The Mathieson Alkali Works (which we shall designate hereafter as the Mathieson Company) then moved the court to set aside the summons and the service thereof on the ground that it, the Mathieson Company, was at the time of the service of the summons a foreign corporation, and at that time, and for some time before, had no place of transacting business in the State of New York, and transacted no business therein. Affidavits were presented on the motion, and it was granted.

The appellants were plaintiffs in the court below, and we will so call them. They are stockholders in the Mathieson Company. Some of them are citizens of the State of New York, some citizens of States other than Virginia, and some citizens of Great Britain and Ireland. It is alleged that the defendant corporations are Virginia corporations, and that each has an office and place of business in the city of New York, and that all but two of the directors of the Castner Electrolytic Alkali Company, hereafter called the Castner Company, resided there, and that the property, to recover which the suit is brought, is situated in the State of New York.

The purpose of the Mathieson Company was to manufacture salt, soda, soda ash, bleaching powder and other minerals, and to carry on a general merchandise business, and engage in agriculture and stock raising.

The bill is very voluminous, and it is enough to explain the contentions in the case to say that it recites the organization and history of the Mathieson Company; the erection and operation by it of a manufacturing plant at Saltville, Virginia; the leasing by it from the Niagara Falls Power Company of land and power at Niagara Falls, and the establishment of a plant there for the manufacture of the commodities mentioned in the charter of the company, and the carrying on of a profitable business. The bill alleges on information and belief that the defendants Arnold and Wilson are respectively the president and financial agent and manager of the company; the defendants Agar and Ely, their attorneys; Gladding, an employé of

some sort, and the directors, other than Arnold and Wilson, are dummies without substantial interest in the company. That Arnold and Wilson have conducted the affairs of the company with great secrecy and for their own interests; that Arnold is a member of the firm of Arnold, Hoffman & Co., dealers in chemicals, in the city of New York, and by arrangements nominally between the firm and the company, but really between Wilson and the firm, the latter has had the exclusive sale and disposition of the products of the company since the organization, of the details of which the plaintiffs are ignorant, because they have been kept secret from the stockholders. That, though dividends have been earned, none have been declared or paid, but the earnings have been appropriated by Arnold and Wilson. That they, with the other directors, have confederated and conspired to fraudulently dispose of and do away with substantially all of the property of the company, and have attempted to do so by means of the conveyance to the Castner Company set out in the bill; and, to better conceal their acts, have obtained no certificate from the Secretary of State nor designated any person upon whom process can be served. That the Castner Company was promoted and organized by the defendants Arnold and Wilson, and is controlled by them, and they are chiefly interested in its affairs. That plaintiffs only obtained knowledge of the existence of that company within the past few days, and of the conveyance to it, but have no precise knowledge of its affairs, and believe that the great body of the stockholders of the Mathieson Company are ignorant of the existence of the Castner Company or of the conveyance to it. That by a communication from the Secretary of State it appears that the Castner Company was incorporated April 30, 1901, under the laws of Virginia, and that its officers consisted of a president, vice president and seven directors; and a provision in the articles of incorporation show that the defendants Wilson, Arnold and Agar are directors, and that Richard T. Wilson, Jr., a son of the defendant Wilson, is also a director. It is alleged that the other officers and directors are mere servants and instruments of the defendants Arnold and Wilson, and they created and organized the Castner Company as a means and contrivance to cheat and defraud the cred-

itors and stockholders of the Mathieson Company by means of the conveyance to the Castner Company. The conveyance is set out in full. It recites that it is executed for and in consideration of one dollar, and other valuable considerations, and purports to convey certain patent rights and all of the property of the Mathieson Company in the State of New York. The bill also alleges the property conveyed was delivered to the Castner Company, and it is in the possession thereof; that the patents and property conveyed are "essentially necessary" to enable the Mathieson Company to carry on the business for which it was organized, and their conveyance in effect wholly destroys the business of that corporation and renders its capital stock utterly worthless, and deprives the creditors of the corporation, of whom there then were and are a large number, and for a large amount in the aggregate, of all remedy for the collection of their debts. That the conveyance is *ultra vires*, and the defendant directors are trustees and agents of and for the stockholders, and had no power to convey away the property and patents of the company essential to the carrying on of its business. And by reason of the facts alleged the defendant directors are unfit persons to have the charge and management of the affairs of the company, and that a receiver of the corporation should be appointed, and the defendants enjoined. That for the reasons set forth plaintiffs have not applied to the defendant, the Mathieson Company, to bring this action, being advised that its directors "would not be proper persons to prosecute an action in the name of the company, which was practically an action to redress frauds they themselves had committed."

The specific relief asked is stated in the opinion.

Mr. *William W. MacFarland* for appellants.

Mr. *Alfred Ely* for appellees.

Mr. JUSTICE McKENNA, after stating the facts as above, delivered the opinion of the court.

The facts and arguments by which it is attempted to sustain the service on the Mathieson Company are the same as

were presented in the case of *Conley* v. *The Mathieson Alkali Works,* decided May 4 of this term, *ante,* p. 406. On the authority of that case the service in this must be held insufficient to give jurisdiction of the Mathieson Company, and the order of the Circuit Court setting aside the service of summons must be affirmed if the case was properly removed to that court. And this depends upon the question whether the complaint exhibits a separable controversy between the plaintiffs and the companies.

A suit may, consistently with the rules of pleading, embrace several distinct controversies. *Barney* v. *Latham,* 103 U. S. 205, 212. It was said in *Hyde* v. *Ruble* 104 U. S. 409 : "To entitle a party to a removal under this clause (second clause of section 2 of the act of 1875, same as second clause in the act of 1887) there must exist in the suit a separate and distinct cause of action in respect to which all the necessary parties on one side are citizens of different States from those on the other." In other words, as expressed in *Fraser* v. *Jennison,* 106 U. S. 191, 194, " the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more States on one side, and citizens of other States on the other; which can be fully determined without the presence of any of the other parties to the suit as it has been begun." And when two or more causes of action are united in one suit there can be a removal of the whole suit on the petition of one or more of the plaintiffs or defendants (now only the defendants) interested in the controversy; which if it had been sued on alone would be removable. *Hyde* v. *Ruble, supra.* See also *Ayres* v. *Wiswall,* 112 U. S. 187. The application of these principles to the case at bar will be seen by the relief prayed for. / ᴄ

The relief prayed against the companies is as follows: Against the Mathieson Company, that the conveyance in its name be adjudged fraudulent and void, and that the same be annulled ; that a receiver of its works be appointed; that its directors be enjoined from making any further disposition of its property ; that it be required to make a full disclosure in respect to all of the premises set forth and alleged, and that

the complainants have access to all books, records and papers, including the stock book. Against the Castner Company, That it may be required to account for all acts and doings in the premises set forth; to make good and pay all of the damages sustained by complainants to the Mathieson Company by reason thereof; that it be adjudged to reconvey the property so wrongfully conveyed to it in the name of the Mathieson Company; that it account for and pay all of the income, earnings and revenue of the property since the date of the conveyance.

To the relief asked against the companies were the directors of the Mathieson Company necessary parties? In *Winch* v. *Berkenhead, Lancashire & Cheshire Railway Co.*, 5 De G. & Sm. 562, it was held, in a suit by a stockholder of the corporation in behalf of himself and all other stockholders, to restrain the performance of an *ultra vires* agreement, that it was not necessary that the directors should be made parties. It was said by the Vice Chancellor: "The act that is sought to be restrained is the act of the company. It is quite sufficient if there is an order restraining the company. The company itself cannot act except by means of its officers. It appears to me that the suit is properly framed, by the relief being sought against the company alone."

*Hatch* v. *The Chicago, Rock Island & Pacific Railroad Company*, and *The Same* v. *Same*, 6 Blatch. 105, were suits brought by the plaintiff in each in behalf of himself and all other stockholders of the defendant corporation, to restrain it from executing a contract which was alleged to be in excess of its powers. The plaintiff was a citizen of New York. The suits were brought in the Supreme Court of the State of New York. The individual defendants were directors of the corporation and resided in the State of New York, except one, who was a citizen of the State of Illinois. In the second suit one Denham was made a party, who was the treasurer of the company, but not one of its directors. His citizenship does not appear. The plaintiff in the second suit alleged that the committee of directors had determined to close the transfer office of the company in the city of New York, and to remove all of its books, moneys, securities and property beyond the jurisdiction of the

court; that the defendants had refused to permit any transfer of the shares of stock on the books of the company. Judgment was prayed in the first suit for an injunction against the execution of the illegal contract, and of the acts which were alleged to be contemplated in the performance thereof. In the second suit judgment was prayed for the same injunction, and an injunction against the other acts alleged. On the petition of Tracy and the company the cases were removed to the Circuit Court for the Southern District of New York, and a motion was made to remand. The motion was heard by Mr. Justice Blatchford, who was then United States District Judge, who said :

"These suits, therefore, are suits brought in the State of New York, by Hatch, a citizen of New York, against the members of the company, all of whom are citizens of the State which created the company, and which is a State other than New York, and against Tracy, a citizen of Illinois, and against other defendants, who are citizens of New York."

And describing the suits, said further :

"All the relief that is prayed for in either suit is by injunction, except the prayer in the first suit for a receiver. All the relief by injunction is prayed for in respect to all of the defendants. No such relief is prayed for in respect to any defendant, other than the company, that is not prayed for in respect to the company. The suits are really, both of them, wholly against the company alone. The directors and the treasurer, who are its co-defendants, are merely its servants and agents, through whom necessarily it acts. It was not necessary or proper to make them parties to the suit at all. The injunctions prayed for and the injunctions issued, if issued against the company alone, and served on any director, or on the treasurer, would bind the person so served to obedience, and, even without such service, knowledge by the officer of the existence of the injunction against the company, would bind the officer to obedience. *The People* v. *Sturtevant*, 5 Selden, 263, 277. The directors and the treasurer are, therefore, not real parties to the suits, but merely nominal parties. No personal demand is made against any one of them, nor is any personal account-

ing asked from any one of them, and it is only in his relation to
the company, and in the official position that he occupies to-
ward the company, that any one of them is made a party.
The test of this is, that, if any one of the directors or the treas-
urer were to resign his office, he would necessarily cease, *ipso
facto*, to be a proper party to the suit, and the plaintiff would be
obliged to make his successor in office a party, and so on with
every change. The reason for this would be, that, there being
no relief prayed against the individual in his individual capac-
ity, and the injunction asked being to restrain him merely
from doing or not doing what his official relation to the com-
pany alone enables him to do, or to refrain from doing, when
such official relation ceases, the relief asked and the injunction
issued become, as to him, utterly futile. This would not be the
case where he was made a party defendant, jointly with the
corporation of which he was an officer, for the purpose of ob-
taining some specific relief against him on a personal liability,
or in order to obtain a discovery from him in regard to mat-
ters peculiarly within his knowledge. There, the dissolution of
his official relation would not affect the propriety of his being
retained as a defendant. This view is conclusive to show that
the entire real controversy in both suits, so far as it is shown
by the prayer of the complaints, and which is the only guide
the court can have, is between the plaintiff on the one side, and
the company, as a corporate body, on the other. The plain-
tiff cannot, by joining as nominal defendants with the corpora-
tion, persons who are citizens of the same State with the plain-
tiff, deprive the corporation of any right which it would other-
wise have in respect to removing the cause into this court."

*Heath* v. *The Erie Railway Company* came up before the
same learned justice, and is reported in 8 Blatchford, 347, 413.
It was a suit by stockholders against the railway company and
Jay Gould, James Fisk, Jr., and Frederick A. Lane, who were
directors of the company. The object of the suit was to re-
strain *ultra vires* acts. The bill prayed for an injunction for a
receiver, for an accounting by Gould, Fisk and Lane of the prof-
its made by them, and that they "make payment and compen-
sation to the company, for the benefit of the plaintiffs, and the

other *bona fide* shareholders, to the full extent of all such profits, benefits, gains and advantages, and of such damages, losses and injuries." The bill was demurred to, on the ground, among others, that the other directors, fourteen in number, were not made parties to the bill. The court overruled the demurrer. The main part of the opinion, which was very elaborate, is devoted to the consideration of the right of the stockholders to maintain the suit, which right was sustained on the authority of many cases. Of the ground of demurrer that the other directors had not been made parties, the court said:

"The objection that such fourteen persons ought to be made parties, as appearing to have been directors when the bill was filed, for the reason that the bill asks for an injunction against the corporation, and for a receiver of the corporation, is not well taken. The relief so asked is against the corporation. If such fourteen persons were made parties, they would be merely nominal parties and not real parties, in respect to any relief that is asked against the corporation; and no relief is asked as against them, except in respect to the matter of the classification, which has already been disposed of. This question was fully considered in the case of *Hatch* v. *The Chicago, Rock Island & Pacific R. R. Co.*, 6 Blatch. C. C. R. 105, 114 to 116."

It was, however, said by Lord Cairns in *Ferguson* v. *Wilson*, L. R. 2 Ch. 77, 90, and it was held in *Clinch* v. *Financial Corporation*, L. R. 4 Ch. 117, that it was proper in a suit by a stockholder to restrain *ultra vires* acts of a corporation to join as defendants the directors of the corporation. This ruling is reconcilable with the other cases. The reconcilation lies in the distinction between proper and indispensable parties in view of the statute providing for the removal of causes to the Federal courts. *Barney* v. *Latham*, 103 U. S. 205, *supra*.

But relief is prayed against the individual defendants as follows:

" That the individual defendants, directors of the said Mathieson Alkali Works, may be compelled to account as agents and trustees of the said company for all their acts and doings in the premises above set forth; and that they may severally and respectively be adjudged and required to make good and pay

to the said Mathieson Alkali Works and to the plaintiffs all loss and damage caused by their wrongful conduct in the premises as hereinabove set forth."

If it be conceded that in a suit which seeks such relief the Mathieson Company is a necessary party, it is certain the Castner party is not. Besides the relief is distinct from—separable from, to keep to the language of the cases—that which is sought as a result of the grounds of suit against the companies.

It follows from these views that the bill exhibits a controversy between the plaintiffs and the defendant companies, to which the individual defendants are not necessary parties, and the case was rightfully removed to the Circuit Court.

The order of the latter court setting aside the the service of summons on the Mathieson Company, and dismissing the bill for want of jurisdiction of that company, is

*Affirmed.*