POLLITZ v. WABASH R. CO. et al.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 109.

REMOVAL OF CAUSES (§ 49*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

A bill by a stockholder of a railroad company against the company, its resident officers, and directors, certain bondholders and the trustee in a mortgage securing a new issue of bonds to be exchanged with a large bonus of stock for the old bonds of the company, praying that such exchange be adjudged illegal and ultra vires and that the original status be restored, and alleging that such exchange was effected through a confederacy of certain of the defendants for their own benefit and to the injury of the stockholders, states a joint cause of action, and the cause is not removable by the company, which is a foreign corporation, on the ground of separable controversy, where the other defendants are citizens of the state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*

Separable controversy ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

Coxe, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by James Pollitz against the Wabash Railroad Company and others. Decree for defendents (167 Fed. 145), and complainant appeals. Reversed.

See, also, 153 Fed. 941.

---

Stephen M. Yeaman (J. Aspinwall Hodge, of counsel), for appellant.
Rush Taggart, Lawrence Greer, and F. C. Nicodemus, Jr., for appellees.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The complainant, a citizen of the state of New York, is the owner of 1,000 shares of the common stock of the Wabash Railroad Company, a consolidated corporation under the laws of Missouri, Ohio, Indiana, Michigan, and Illinois, one of the defendants. The railroad company after long negotiations entered into an agreement with a committee representing its debenture mortgage bondholders to exchange those bonds, aggregating $30,000,000, for bonds of a new issue, together with common and preferred stock aggregating a much larger sum. October 20, 1906, this agreement was approved at a meeting of the stockholders and debenture mortgage bondholders by bondholders and stockholders representing more than 80 per cent. of the stock and debenture bonds of the company; the complainant protesting against the plan as illegal and inequitable for various reasons not necessary to be stated. October 30th the plan was advertised, and holders of debenture bonds were invited to deposit them with the United States Mortgage & Trust Company at New York for exchange.

November 7th the complainant brought a suit in the Supreme Court of the state of New York, alleging that the plan was illegal and inequitable, against the Wabash Railroad Company, its resident officers and directors, the Mercantile Trust Company of New York, which was as registrar to countersign the new securities, the United States Mortgage & Trust Company of New York, which was, as depositary of the securities to be exchanged, to distribute the same, and the persons composing the committee of the debenture mortgage bondholders, praying that they might be enjoined from doing anything to carry out the plan. December 5th the defendant railroad company removed the cause to the Circuit Court. December 31st was fixed as the date for the distribution of the securities issued in exchange for the debenture mortgage bonds.

January 23, 1907, the complainant began a second suit in the Supreme Court of the state of New York against the same defendants in the first suit, together with the trustees of the mortgage securing the new issue of bonds and the Metropolitan Trust Company of New York, which had owned $5,435,000 of the debenture mortgage bonds, alleging that the plan had been substantially carried out, and praying that it might be declared illegal and void, and that the defendants be ordered to re-exchange and re-deliver the securities, or, in default of so doing, that they, or some of them, be ordered to pay into the treasury of the defendant railroad company the par value of all the new bonds and common and preferred stock countersigned, issued, used, or received by them in exchange for the debenture mortgage bonds, together with any interest paid on the new bonds in the meantime. The bill also set up as an additional reason for declaring the plan illegal article 12, § 10, of the Constitution of Missouri (Ann. St. 1906, p. 305),

providing that no corporation shall issue preferred stock without the consent of all stockholders. January 25, 1908, the defendant railroad company removed the cause into the Circuit Court, on the ground that there was a separable controversy between the complainant and the defendant railroad company, to the complete determination of which the other defendants were neither indispensable nor necessary parties. February 21st an order was entered denying the complainant's motion to remand the cause to the state court.

Subsequently, the complainant having moved for leave to discontinue the first suit upon payment of costs, and the defendant railroad company having moved to consolidate the two causes and for leave to amend its answer in the second cause and file a cross-bill the Circuit Court denied the complainant's motion and granted the motions of the railroad company. June 18th the railroad company amended its answer by setting up the new defense that the complainant was estopped from relying upon article 12, § 10, of the Constitution of Missouri, and filed a cross-bill praying that he be enjoined from questioning in any other suit the validity of the plan of exchange or of the acts done in carrying it out.

The only question we need to consider is whether the motion to remand the second suit was properly denied. We do not agree with the learned Circuit Judge that there was a separable controversy between the complainant and the defendant railroad company, to which the other resident defendants were not necessary parties. The bill charged them, or some of them, with confederating to carry out an illegal agreement ultra vires of the company for their own benefit and to the prejudice of the holders of common stock, and demanded that the original status be restored, or in default thereof that they or some of them pay into the treasury of the defendant railroad company the par value of the securities which they had issued or received, together with any interest paid upon the new bonds in the meantime. Only the bill is to be considered on this motion to remand (Graves v. Corbin, 132 U. S. 571, 585, 10 Sup. Ct. 196, 33 L. Ed. 462), and we think it alleged a cause of action against the defendants jointly, and that the complainant could not have the relief demanded without the presence of the resident defendants, or of some of them.

The Circuit Court would not have had jurisdiction of the cause if originally brought there, and therefore it is not removable (Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]). For these reasons the complainant's motions to remand the second cause and for leave to discontinue the first cause on payment of costs should have been granted, and the defendant railroad company's motions to consolidate both causes and for leave to file a cross-bill should have been denied. Boston Co. v. Montana Co., 188 U. S. 632, 640, 23 Sup. Ct. 434, 47 L. Ed. 626; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535, 7 Sup. Ct. 1265, 30 L. Ed. 1235; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528; Ward v. Franklin (C. C.) 110 Fed. 794.

Decree reversed, with the direction to the Circuit Court to permit the complainant to discontinue the first cause on payment of costs ac-

crued at the time the motion was made and to remand the second cause to the Supreme Court of the state of New York; the costs to be paid by the defendant railroad company.

COXE, Circuit Judge, dissents.