## PHELPS v. CONNECTICUT CO.

### (Circuit Court, N. D. New York. June 22, 1911.)

1. REMOVAL OF CAUSES (§ 111*)—JURISDICTION ACQUIRED BY REMOVAL—SERVICE OF PROCESS.

Defendant, a Connecticut railway company, had neither office, property, nor place of business in New York, did no business in that state, and had no agents or servants there. Suit was brought against it in the state court of New York by service on its secretary while within the state on business not connected with or relating to the corporation. *Held*, that such service, though sufficient to confer jurisdiction on the state courts, was not valid to confer jurisdiction on a federal Circuit Court. sitting in New York, on removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 237; Dec. Dig. § 111.*]

2. REMOVAL OF CAUSES (§ 108*)—DISMISSAL—MOTION—LACHES.

Suit was brought by service of process on defendant's secretary in the state of New York March 16, 1911. On April 3d following, the case was removed to the federal Circuit Court, and on April 21st affidavits of defendant's officers. supporting a motion to dismiss, were made in Connecticut and forwarded to defendant's attorney in New York. Such attorney appeared specially on April 26th and moved to set aside the service: the papers being served on the 28th. *Held*, that the motion was not barred by laches.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 217; Dec. Dig. § 108.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Louise Phelps against the Connecticut Company. On motion to set aside service of summons and complaint after removal of the cause to the Circuit Court. Granted.

Charles M. Sheafe, Jr., for the motion.
Hancock & Spriggs, opposed.

RAY, District Judge. [1] The plaintiff is a citizen and a resident of the state of New York. The defendant is a corporation, a street car company, operating a surface line wholly in the state of Connecticut, organized and doing business under the laws of that state. Neither now does it have, nor at the time of the service of the summons and complaint in this action did it have, any property, office, or place of business in the state of New York, nor was it doing any business in the state of New York. It had and has no agents or servants in said state of New York.

The plaintiff alleges a cause of action against the defendant for personal injuries sustained on or about October 3, 1908, by reason of defendant's negligence while riding on one of defendant's cars between Hartford and Waterbury, state of Connecticut. Damages are laid at $10,000.

March 16, 1911, while A. E. Clark, the secretary of the defendant company, was temporarily in the city of New York on business in no way connected with or relating to that of the defendant company, he was served with the summons and complaint herein; such action being commenced and the summons issued out of the Supreme Court of the state of New York. April 3, 1911, the defendant duly moved the case into the Circuit Court of the United States, in which district the plaintiff resides.

The defendant, by its attorney, appeared specially for the purpose of such removal, and on the 26th day of April prepared motion papers to set aside the service of the summons and complaint which were served April 28, 1911. These are the only proceedings in the case up to the hearing of this motion. This service of the summons and complaint on the defendant under the decisions of our Court of Appeals was good in the state court. Pope v. Terre Haute Car & Mfg. Co., 87 N. Y. 137; Atl. & Pac. Tel. Co. v. Balt. & Ohio R. R. Co., 87 N. Y. 355.

However, the holdings in the federal courts are the very opposite. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. See Grant v. Cananea Con. Copper Co., 189 N. Y. 241, 249, 82 N. E. 191, where comment is made on the different holdings of the two courts. Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122; Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. In Conley v. Mathieson Alkali Works, supra, the action was commenced in the Supreme Court of the state of New York and then removed to the Circuit Court of the United States, and service was set aside after removal. There has been no general appearance by defendant voluntary or otherwise.

[2] The plaintiff contends that this motion should be denied for laches; that the defendant should have moved earlier. But the re- moval was had April 3, 1911, and April 21st C. S. Mellen verified his affidavit at New Haven, Conn., and Mr. Clark verified his at the same place the same day. The defendant's attorney resides in New York City, and allowing a reasonable time to examine the law, ascertain the facts, and prepare the papers and secure their verification, I do not see that there was any unreasonable or undue delay in making this motion.

The facts as stated are not controverted, and plaintiff's counsel says he is unable to dispute the allegation of the moving papers.

Under the decisions I am compelled to grant the motion. It is not a matter of discretion.

Motion granted.