**KEENAN et al. v. GLADYS BELLE OIL CO. et al.**

(District Court, N. D. Oklahoma. February, 1926.)

**1. Pleading ⬤64(1).**

A suit may, consistently with the rules of pleading, embrace several distinct controversies.

**2. Removal of causes ⬤31—Stockholders' suit to cancel mortgage of nonresident oil companies given to nonresident trust company is separable controversy, to which directors were not necessary parties, and was properly removed to federal court.**

Suit by stockholders to cancel mortgage given by nonresident oil companies to nonresident trust company constitutes separable controversy, to which resident directors of corporations were not necessary parties, and hence was properly removed to federal court on motion of corporations.

**3. Removal of causes ⬤31—Stockholders' suit to set aside stock issued by nonresident oil companies to nonresident defendant is separable controversy, to which directors were not necessary parties, and was properly removable to federal court.**

Suit by stockholders to cancel stock issued by nonresident oil companies to nonresident de-

fendant is separable controversy, to which resident directors were not necessary parties, and hence was properly removed to federal court on motion of oil companies.

**4. Removal of causes ⊛⇒36—Joining directors of corporation, who were not necessary parties, cannot defeat corporation's right to removal on ground of diversity of citizenship.**

Directors of corporation are not necessary parties to suit against corporation for rescission of contract, and joining them as parties defendant cannot defeat corporation's right to removal on ground of diversity of citizenship.

**5. Corporations ⊛⇒204—Stockholders' suit, seeking protection from illegal and ultra vires acts of their own company, is not action for benefit of corporation.**

Suit by stockholders, seeking protection from illegal and ultra vires acts of their own company, is not an action for benefit of corporation.

**6. Removal of causes ⊛⇒49(1)—Stockholders' suit against nonresident corporation and resident directors, to enjoin members of voting trust and directors, is joint, and not removable by nonresident corporations.**

Stockholders' suit against nonresident corporations and resident directors, to enjoin members of voting trust and directors, is joint controversy, and is not removable by nonresident corporations.

**7. Removal of causes ⊛⇒46—One defendant may remove entire suit to federal court, where actually interested in controversy between citizens of different states.**

Where one or more defendants are actually interested in controversy between citizens of different states, and which can be fully determined as between them, one of such defendants may remove entire suit to federal court.

**8. Removal of causes ⊛⇒48—"Separable controversies" must be capable of separation as to defendants alone interested in one part, and others interested in another part, and such that whole subject-matter can be finally determined as to parties seeking removal.**

Suit to be made up of separable controversies must be capable of separation into parts, with a portion of the defendants alone interested in one part, and another portion alone interested in another part, and must be such that whole subject-matter can be finally determined as to parties seeking removal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Separable Controversy.]

**9. Removal of causes ⊛⇒46, 106—Case may be removed by one of several nonresident defendants, who was only one served on joint cause of action, and other defendants, after service, may elect whether case will remain or be remanded.**

Where only one of several nonresident defendants sued on joint cause of action was served, case may be removed by the one nonresident defendant, and others, after service, may elect whether case shall remain in federal court or be remanded on their motion.

In Equity. Suit by Bruce Keenan and another against the Gladys Belle Oil Company and others. On motion to remand to the state court. Motion denied, with directions.

Day & Taylor, Mather M. Eakes, R. B. Keenan, and W. N. Maben, all of Tulsa, Okl., for plaintiffs.

West, Gibson, Sherman, Davidson & Hull and Aby & Tucker, all of Tulsa, Okl., for defendant Gladys Belle Oil Co.

KENNAMER, District Judge. This suit was commenced in the district court of Tulsa county, Okl., against a number of defendants jointly. It is an action by two stockholders to set aside a mortgage and a certain bond issue made and executed by the defendant Gladys Belle Oil Company to the Pittsburgh Trust Company, in which the defendant Marquette Oil Corporation also joined. The bill prays that bonds be delivered up and canceled; that the mortgage securing the bonds be canceled; that an accounting be had between the above-mentioned oil companies, the trust company, and one J. E. Mahon; that $1,500,000 of common stock of the Gladys Belle Company, which was issued as a bonus for the sale of the bonds sought to be canceled, be canceled; that a voting trust be canceled; that the trustees under the voting trust be enjoined; that the directors of the defendant oil companies be enjoined; and that a receiver be appointed to preserve the property of the defendant Gladys Belle Oil Company.

The two plaintiffs are residents of the state of Oklahoma. The defendants Gladys Belle Oil Company and Marquette Oil Corporation are corporations organized and existing under and by virtue of the laws of the state of Delaware, and are nonresidents of the state of Oklahoma. The defendant Pittsburgh Trust Company is a corporation organized and incorporated under the laws of the state of Pennsylvania, and the defendants Harrison M. Green, James Swindler, James Sloan, John L. Shakley, Harry Slater, I. F. Crowe, and J. Ray Stebbins, being the directors of the Gladys Belle Oil Company and the Marquette Oil Corporation, are all residents of the state of Oklahoma, except Harry Slater, who resides in the state of Michigan. The defendant J. E. Mahon is a resident of the state of Pennsylvania, and the defendants Robert P. Brewer and R. M. Darnell are residents of the state of Oklahoma; the last two defendants being members of the voting trust sought to be enjoined.

On the petition of the Glayds Belle Oil Company the case was removed to this court,

on the ground that the controversy was wholly between citizens of different states, and separable as to them. The plaintiffs moved to remand the case to the state court. The question presented is whether or not there is a separable controversy wholly between citizens of different states.

[1, 2] I am of the opinion that there exists certain separable controversies wholly between citizens of different states. A suit may, consistently with the rules of pleading, embrace several distinct controversies. Barney v. Latham, 103 U. S. 205, 212, 26 L. Ed. 514; Geer v. Mathieson Alkali Works, 23 S. Ct. 807, 190 U. S. 428, 47 L. Ed. 1122. There are several controversies in this suit, which involve the directors of the two oil companies, and which involve the members of the voting trust. However, the controversy involving the cancellation of the mortgage and bonds made by the Gladys Belle Oil Company and joined in the execution by the Marquette Oil Corporation to the Pittsburgh Trust Company is a controversy between the plaintiffs, on the one hand, and the nonresident defendant corporations, the Gladys Belle Oil Company, the Marquette Oil Corporation, and the Pittsburgh Trust Company, on the other. Clearly it is not necessary that the directors of these corporations be made parties defendant to obtain the relief asked against the companies. It would not be necessary to remove the board of directors or dissolve the voting trust in order to cancel the mortgage, if it were determined upon final hearing that the mortgage should be canceled. The cancellation of the mortgage involves only the corporate defendants above referred to, and I am of the opinion that this constitutes a separable controversy between the plaintiffs, residents of the state of Oklahoma, and the defendants, residents of the state of Delaware and the state of Pennsylvania.

[3] Another separable controversy existing wholly between citizens of different states is the one involving the cancellation of $1,500,000 of common stock of the defendant Gladys Belle Oil Company. The stock, it is alleged, was issued and delivered to one J. E. Mahon, a resident of the state of Pennsylvania, by the defendants Gladys Belle Oil Company and the Marquette Oil Corporation, both residents of the state of Delaware. The common stock was issued to the defendant Mahon, in order that he may transfer it as a bonus to any prospective purchasers in selling the bonds, which are secured by the mortgage sought to be canceled. Undoubtedly the Pittsburgh Trust Company, the trustee, is a necessary party to this controversy, and it is

a resident of the state of Pennsylvania. The relief sought is therefore the cancellation of an executed transaction entered into by the Gladys Belle Oil Company, the Marquette Oil Corporation, Mahon, and the Pittsburgh Trust Company, the acting trustee. Hence the directors or members of the voting trust are not necessary parties, in order to grant the plaintiffs relief for the cancellation of the mortgage, the bonds, and the issue of common stock.

[4] The rule is, in a suit by a stockholder against the corporation for rescission of contract made by it, its directors are not necessary parties, and because of the fact that they are joined as parties defendant in their official capacity cannot defeat the corporation's right of removal on the ground of diversity of citizenship. Venner v. So. Pac. Co. et al. (C. C. A.) 279 F. 832.

[5] It has been contended that, this being a suit by the plaintiffs, as stockholders of the Gladys Belle Oil Company, for their benefit, and all stockholders similarly situated, the action is for the benefit of the corporation, and not adverse to it. This position is untenable. The plaintiffs, as stockholders, seek protection from the illegal and ultra vires acts of their own company, and the bill therefore states a controversy between themselves and the Gladys Belle Oil Company, the Marquette Oil Corporation, and the Pittsburgh Trust Company, and the defendant J. E. Mahon, which presents a separable controversy. East Tenn., Vir. & Ga. R. R. v. Grayson, 7 S. Ct. 190, 119 U. S. 240, 30 L. Ed. 382.

[6] Where it is sought to enjoin the members of a voting trust and the directors of the two corporations, then the action is joint, and the cause is not removable by the defendant Gladys Belle Oil Company on the ground that it constitutes a separable controversy. However, it is unnecessary to consider the numerous charges contained in the bill against the directors of these corporations, since the conclusion has been reached that there exists one or more separable controversies wherein the directors are unnecessary parties to the relief sought.

[7] It is well settled that, where one or more defendants are actually interested in a controversy between citizens of different states, and which can be fully determined as between them, one of such defendants may remove the entire suit to the federal court. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514.

[8] It is indeed difficult for the courts to define rules, applicable to every case, for determining whether a suit is made up of sep-

arable controversies. However, it seems that the cases require that the suit be made up of separate and distinct controversies. The Supreme Court has said that each of these controversies must have in itself the elements of a separate and distinct cause of action, or, at least, the suit must be capable of separation into parts, with a portion of the defendants alone interested in one part and another portion alone interested in another part. The parties to each controversy of the kind just mentioned must be citizens of different states. Too, the controversy must be such that the whole subject-matter of the suit can be finally determined as to the parties to the controversy upon which removal is sought.

Plaintiffs rely chiefly upon the case of Pollitz v. Wabash Railroad Co., 176 F. 333, 100 C. C. A. 1. This case is distinguishable from the case under consideration. In that case a stockholder in the railroad company brought suit, claiming that a plan adopted by the railroad company for the issue of new securities in exchange for $30,000,000 of its outstanding debenture mortgage bonds was illegal, and praying that it might be declared illegal and void, and that the defendants be ordered to redeliver the securities, or in default of so doing be ordered to pay into the treasury of the company the new bonds and stocks, etc., which they had received in exchange for the debenture bonds. In that case all of the defendants, other than the railroad company, were residents of the same state as the plaintiff; so that, if any of them were necessary parties to the suit for a rescission, the cause could not be removed to the federal court, and it clearly appears that the Metropolitan Trust Company, one of the defendants in that case, was a necessary party, as it had received a large part of the new securities. It was a necessary party to that suit, in the same way that the Pittsburgh Trust Company is a necessary party to the suit now under consideration, inasmuch as it is the holder of the mortgage sought to be cancelled. Therefore it cannot be contended that the Pittsburgh Trust Company is not a necessary party to the suit for cancellation. But both the Gladys Belle Oil Company and the Pittsburgh Trust Company are nonresidents of the state of Oklahoma, while the plaintiffs are citizens of Oklahoma. If the trust company were an Oklahoma corporation and a citizen of the same state with the plaintiffs, there might be an analogy between this case and the Pollitz Case.

[9] This case has been removed by only one nonresident defendant, it appearing that the other nonresident defendants have not been served. It has been well settled that, where only one of several nonresident defendants, sued on a joint cause of action, is served, the case may be removed by the one nonresident defendant, and, after the other defendants have been served, they may elect whether the case shall remain in the federal court or be remanded on their motion.

It is the order of the court that the motion to remand be overruled, and, on the equity side, it is ordered that the plaintiffs, their attorneys and agents, be enjoined from in any manner proceeding in this cause against any of the said defendants in the state district court in which this action was originally brought.