**TRIMBLE et al. v. JOHN C. WINSTON CO. et al.**

No. 6336.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1932.

Rehearing Denied March 4, 1932.

J. H. Culkin, of Vicksburg, Miss., and L. T. Kennedy, of Natchez, Miss., for appellants.

Geo. T. Mitchell, Marcellus Green, Garner W. Green, and William H. Watkins, all of Jackson, Miss., for appellees.

Before BRYAN, SIBLEY and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

A bill of complaint was filed in a state court to enjoin the enforcement of and to declare void a contract entered into between the state text-book commission of Mississippi and the John C. Winston Company, whereby the latter agreed to furnish certain books for use in the public schools for a period of five years, pursuant to the terms of chapter 283, Laws Miss. of 1924. (Mississippi Code of 1930, § 6791 et. seq.) The complainants, appellants here, allege that they are citizens of Mississippi, patrons of the public schools of Adams county, and that the carrying out of the contract would make it necessary for them to discard old books and buy new ones. The validity of the contract was attacked upon many grounds which, in the view we take of the case, it is unnecessary to enumerate. The defendants named in the bill are the state superintendent of education, county superintendent of Adams county, and the John C. Winston Company, a foreign corporation, appellees here. Service of process was had on the resident defendants. At the direction of appellants the Winston Company was not served; but it intervened and filed a petition to remove the cause to the federal District Court, on the ground of a separable controversy under 28 USCA § 71. Its petition was denied by the state court, but the federal court, being of opinion that the Winston Company had a separable controversy, and therefore that the cause was removable, denied the motion of appellants to remand, and, proceeding to a trial on the merits, dismissed the bill.

It may be assumed, though appellants contend to the contrary, that the Winston Company did not waive its right of removal by reason of its voluntary appearance in the state court. Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411; Drainage District v. Guardian Trust Co. (C. C. A.) 52 F.(2d) 579. We are of opinion that the District Court erred in denying the motion to remand the cause to the state court. The Winston Company has here no controversy separate and distinct from that asserted also against the state officials. There is no question of the alignment of the state and county superintendents with the appellants, for they can only be interested in the duty to perform the contract made by the text-book commission, in obedience to the public policy of the state as declared by the Legislature. The validity of the contract is the question in controversy, and that contract cannot be set aside in the absence as parties of either the official representatives of the state or of the Winston Company. Both the state and the Winston Company alike were interested, albeit for different reasons, in having their contract performed. Neither would be bound by a decree canceling it or enjoining its enforcement, without being given an opportunity to

be heard. Shields v. Barrow, 17 How. 129, 15 L. Ed. 158; Minnesota v. Northern Securities Co., 184 U. S. 199, 235, 22 S. Ct. 308, 46 L. Ed. 499; Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122.

The decree is reversed, with direction to the court below to remand the cause to the state court.