PHILIP FREEMAN, in Behalf of Himself and in Behalf of All Stockholders of THE WHITE MOTOR COMPANY Who Shall Join in This Action and Contribute to the Costs Thereof, Appellant, v. ASHTON G. BEAN and Others, Defendants, Impleaded with THE WHITE MOTOR COMPANY, Respondent.*

Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Finch, P. J., Merrell, Martin, O'Malley and Untermyer, JJ.; Finch, P. J., and Martin, J., dissent. Dissenting opinion by Finch, P. J.

* Affd., 266 N. Y. 657.

FINCH, P. J. (dissenting). I vote to reverse the order appealed from and deny the motion to vacate the service. The White Motor Company while nominally a defendant is in reality a plaintiff against whom no judgment is demanded, nor any decree to restrict or enjoin. On the contrary, the action is primarily for its benefit. Any recovery will belong to it. Its status as a plaintiff is seen in the fact that it could appeal even though the complaint was dismissed as against all the defendants. (*Sheridan* v. *Sheridan Electric Light Co.*, 38 Hun, 396.) In *Holmes* v. *Camp* (219 N. Y. 359, at p. 373) the court said: " While it is not necessary to finally decide that question it may be fairly debated whether the Doe Run Company is to be regarded as a defendant for the purposes of this section. The action which plaintiffs seek to maintain is not hostile to it, but for its benefit. If appellants are correct in their claims, it should be and really is a plaintiff in interest in this action and it is joined as a defendant simply because of its refusal to maintain the action and without any impairment of the fact that such action is not against it but in its behalf." The White Motor Company is made a party for procedural reasons, namely, that any recovery may be distributed to the plaintiff, the stockholders, through the means of the corporation. The real controversy is between the stockholders and the directors to require the latter to return property which the complaint alleges has been unlawfully taken and in fraud of the rights of the stockholders. Under these circumstances the decisions applying to non-resident corporate defendants (*Pennoyer* v. *Neff*, 95 U. S. 714, and allied cases), against whom obligations are sought to be enforced, would not seem to be in point. Unless the above point of view is permissible, these plaintiffs are without remedy and these defendant directors resident in this State are shielded from effectual suit. So long as they keep out of Ohio or any State in which personal service is necessary on The White Motor Company, they are apparently immune from prosecution. At the same time they may do business as directors of The White Motor Company because the articles of incorporation of The White Motor Company provide that meetings of directors may be held elsewhere. The decision of this court in affirming *Hanson* v. *Pennroad Corporation* (235 App. Div. 713), without opinion, is not an authority in favor of the respondent. There was an issue in that case whether all the defendants being suable there, such court was not the better forum. The denial of the motion for leave to appeal in that case was not equivalent to an affirmance of the order. (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284, at p. 287.) Nor would the case of *Hanna* v. *Stedman* (230 N. Y. 326) seem to be an authority favoring defendants. On the other hand, expressions are to be found in *Grant* v. *Cobre Grande Copper Co.* (193 N. Y. 306) and *Kidd* v. *New Hampshire Traction Company* (72 N. H. 273) favoring the contentions of the appellant herein. For the purpose of this motion the allegations of the complaint setting forth how these stockholders have been defrauded must be assumed to be true. It follows that the order to vacate the service should be reversed and the motion denied. Martin, J., concurs.