MURRAY GOLDBERG, on Behalf of Himself and All Other Stockholders of STANDARD POWER AND LIGHT CORPORATION Similarly Situated, Plaintiff, v. VICTOR EMANUEL and Others, and STANDARD POWER AND LIGHT CORPORATION, Defendants.*

Supreme Court, Special Term, New York County, January 22, 1938.

*Philip Goldberg*, for the plaintiff.

*Seibert & Riggs* [*Royal E. T. Riggs* of counsel], appearing specially for the Standard Power and Light Corporation.

McLAUGHLIN (CHARLES B.), J. This is a motion by defendant Standard Power and Light Corporation to set aside service attempted to be made upon it within this State on the ground that said defendant is a foreign corporation which does not do business within this State and that the service is, therefore, null and void and in violation of the Constitution of the State of New

* Revd., 254 App. Div. 556; leave to appeal to Court of Appeals denied, Id. 663.

York and the Fourteenth Amendment to the Constitution of the United States. The plaintiff attempts to uphold the validity of the service on the sole ground that the action is a derivative one brought on behalf of Standard Power and Light Corporation by one of its stockholders and that the corporation, although nominally a defendant, is in reality the plaintiff. No judgment adverse to Standard Power and Light Corporation is demanded in the complaint. Quite the reverse, the judgment demanded is that the individual defendants be compelled to account for the breach of their duties and to pay over to Standard Power and Light Corporation any moneys of which their misconduct has deprived said corporation.

The question here presented is whether the authorities requiring the setting aside of service upon foreign corporations where made in States in which they are not doing business apply to representative stockholders' actions brought on behalf of such corporations and seeking judgments in their favor and not adverse to them.

In the recent case of *Freeman* v. *Bean* (243 App. Div. 503; affd., 266 N. Y. 657) Freeman sued in behalf of himself and all stockholders of the White Motor Company and without attaching any property of the defendant, the White Motor Company, obtained an order permitting service by publication. Service was made on the White Motor Company outside of the State pursuant to the order of publication. The Appellate Division, two of the justices dissenting, affirmed an order of the Special Term which vacated the order of publication and set aside the service. The dissenting opinion contains a convincing argument for differentiating between cases where the foreign corporation is the actual defendant and cases where it is only the nominal defendant and in fact the plaintiff. It was said in the dissenting opinion (p. 504): " The White Motor Company while nominally a defendant is in reality a plaintiff against whom no judgment is demanded, nor any decree to restrict or enjoin. On the contrary, the action is primarily for its benefit. Any recovery will belong to it. Its status as a plaintiff is seen in the fact that it could appeal even though the complaint was dismissed as against all the defendants. (*Sheridan* v. *Sheridan Electric Light Co.*, 38 Hun, 396.) * * * The White Motor Company is made a party for procedural reasons, namely, that any recovery may be distributed to the plaintiff, the stockholders, through the means of the corporation. The real controversy is between the stockholders and the directors to require the latter to return property which the complaint alleges has been unlawfully taken and in fraud of the rights of the stockholders.

Under these circumstances the decisions applying to non-resident corporate defendants (*Pennoyer* v. *Neff*, 95 U. S. 714, and allied cases), against whom obligations are sought to be enforced, would not seem to be in point. Unless the above point of view is permissible, these plaintiffs are without remedy and these defendant directors resident in this State are shielded from effectual suit. So long as they keep out of Ohio or any State in which personal service is necessary on The White Motor Company, they are apparently immune from prosecution."

It is true that the Court of Appeals affirmed the order setting aside the order of publication and the service made pursuant thereto. It is not at all clear, however, that the decision of the Court of Appeals would have been the same had service on The White Motor Company been made within this State. Three questions were certified to the Court of Appeals: (1) Whether the order of publication and the service without the State made pursuant thereto were authorized by the Civil Practice Act; (2) whether, if the order and service were authorized by the Civil Practice Act, they violated the due process clauses of the Constitutions of the State of New York and of the United States; and (3) whether the court was justified in vacating and setting aside the order and the service. The Court of Appeals answered the first question in the negative, and the third in the affirmative, and did not answer the second question. All that the Court of Appeals held, therefore, was that the Civil Practice Act did not authorize a service outside of the State pursuant to an order of publication without previous attachment of the foreign corporation's property within the State. No question was presented to the court as to the validity of service made upon the foreign corporation *within this State.*

In *Guggenheimer* v. *Beaver Board Companies* (136 Misc. 511; affd., 229 App. Div. 717) the Appellate Division upheld service on a foreign corporation not doing business within this jurisdiction, basing its decision in large part upon the fact that the action was a representative stockholders' action and that plaintiff, far from seeking a judgment adverse to the corporation, was attempting to have assets returned to it which had been fraudulently diverted from it. Thereafter, in *Marco & Hawks* v. *Byllesby & Co.* (241 App. Div. 714) the Appellate Division reversed an order of the Special Term which had set aside service upon Standard Gas and Electric Company, citing in support of the reversal the case of *Guggenheimer* v. *Beaver Board Companies* (*supra*). The *Marco & Hawks* action was a representative stockholders' action brought on behalf of Standard Gas and Electric Company. Examination

of the record on appeal reveals that the brief submitted by counsel for Standard Gas and Electric Company devoted eight pages to the proposition that " the fact that this is an action instituted by a minority stockholder of the Company does not permit the service of that Company within this State when it is not doing business here " (Point III), and attempted to distinguish the case of *Guggenheimer* v. *Beaver Board Companies*. The fact that the *Guggenheimer* case was, nevertheless, cited by the Appellate Division in support of its order of reversal indicates that the service was upheld by the Appellate Division, in part at least, on the theory that the character of the action·required an exception to be made to the ordinary rule regarding service upon foreign corporations not doing business within this State. The decisions in *Hanson* v. *Pennroad Corporation* (233 App. Div. 724 and 235 id. 713), relied upon by the moving party, preceded the decision in *Marco & Hawks* v. *Byllesby & Co.* (*supra*), as well as the dissenting opinion of the Appellate Division in *Freeman* v. *Bean* (*supra*), previously referred to. Indeed, the dissenting opinion contains the following reference to the *Hanson* case: " The decision of this court in affirming *Hanson* v. *Pennroad Corporation* (235 App. Div. 713), without opinion, is not an authority in favor of the respondent. There was an issue in that case whether all the defendants being suable there, such court was not the better forum. The denial of the motion for leave to appeal in that case was not equivalent to an affirmance of the order."

In *Geer* v. *Mathieson Alkali Works* (190 U. S. 428) service on a foreign corporation in a representative stockholders' action was set aside by the United States Supreme Court without any distinction being made, based on the character of the action. However, it should be noted that in the *Geer* case a receivership of the corporation and other relief adverse to it was sought, and the case is, therefore, distinguishable from that now before the court.

Unless a different rule is applied to cases where the foreign corporation seeking to set aside service is in reality, though not nominally, the plaintiff in the action, numerous situations are bound to arise, as they have arisen in the past, where those who have looted and misappropriated corporate assets will be enabled to escape liability by reason of the fact that the corporation is not doing business within the jurisdiction where the wrongdoers reside and where they can alone be served. This was pointed out in the dissenting opinion of Presiding Justice FINCH, previously referred to: " Unless the above point of view is permissible, these plaintiffs are without remedy and these defendant directors resident in this State are shielded from effectual suit. So long as they keep out

of Ohio or any State in which personal service is necessary on The White Motor Company, they are apparently immune from prosecution."

The court accordingly holds that service upon the moving defendant was properly made by delivering a copy of the summons and complaint to its president in the city of New York, despite the fact that said defendant is not doing business within this State. The motion to vacate service is denied.