## KAHN v. GENERAL MOTORS COR-PORATION et al.

District Court, S. D. New York.

April 24, 1939.

Pleasants & Donovan, and Unger & Pollack, all of New York City (Samuel A. Pleasants and Stanley D. Schuval, both of New York City, of counsel), for plaintiff Kahn.

Arthur S. Friend and Charles Winkelman, both of New York City, for plaintiffs Winkelman et al.

John Thomas Smith, of New York City (Albert M. Levert, of New York City, of counsel), for defendants General Motors, Albert Bradley, and Donaldson Brown.

Wiley, Willcox & Sheffield, of New York City (A. M. Levert, Ralph M. Carson, and Bertram F. Willcox, all of New York City, of counsel), for defendant E. I. DuPont de Nemours & Co., Inc.

Henry M. Hogan, of New York City (Albert M. Levert, of New York City, of counsel), for defendants Clarence Woolley and Alfred H. Swayne.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Albert M. Levert, of New York City, of counsel), for defendants Junius S. Morgan, Seward Prosser, and George Whitney.

KNOX, District Judge.

This is a motion by the defendants to consolidate the present case with the cases brought against them by Jacobson and Winkelman, which have already been consolidated and are pending in this court, and to strike certain allegations from the Kahn complaint. The plaintiff Kahn moves to remand her case on the ground that there is involved in her suit no separable controversy which is wholly between the plaintiff, a citizen of the State of New York, and a citizen of another State.

The allegations in the Kahn complaint are a verbatim copy of the original Jacobson and Winkelman complaints, which have been before me before, see Winkelman v. General Motors Corp., D. C., 22 F.Supp. 255, and the only differences between this and the other complaints lies in the omissions of the prayers contained in the earlier complaint, requesting an injunction against the further operation of the defendant's allegedly illegal bonus plan and agreements. All three complaints contain a general prayer for such other and further relief as shall seem just and equitable.

I think that the motion to remand should be denied and that in accordance

with my decision in the Winkelman case, supra, plaintiff should be required to re-frame her complaint by eliminating therefrom all irrelevant and evidentiary matter so that defendants be presented with an opportunity to answer facts. The motion to consolidate, in view of the similarity of the complaints, is also ruled by the precedents established by the decisions on the former motions, and is allowed.

In connection with plaintiff's claim of an absence of a separate controversy, it should be indicated that at least two major separate controversies are presented by her complaint. First, there is a controversy between her, as a stockholder, suing on behalf of all stockholders, and defendant General Motors, a Delaware corporation, involving the validity of the bonus plan and its continuation as a method of corporate administration. If the plaintiff should support the allegations of her complaint with sufficient proof, and it should appear that the plan was never legally adopted and ratified, then, by virtue of her prayer for general relief, she would be entitled to an injunction against the further operation of the plan. Secondly, she has requested a rescission and cancellation of the contracts heretofore made between General Motors and the other corporate defendants, all foreign corporations. In both of these instances, all necessary defendants are citizens and residents of different states from plaintiff, and Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122, is a controlling authority for the proposition that this court should retain jurisdiction of the cause.