### SCHWARTZ v. KAUFMAN et al.
### No. 573.

District Court, E. D. New York.
Oct. 25, 1939.

Joseph Nemerov, of New York City (Joseph Nemerov, Henry Schwartz, Edward A. Rothenberg, and Solomon Herman, all of New York City, of counsel), for plaintiff.

John Thomas Smith, of New York City, for defendants General Motors Corporation, Alfred P. Sloan, and John Thomas Smith.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (David Sher, Ralph M. Carson, and S. H. Gillespie, Jr., all of New York City, of counsel), for defendants Junius S. Morgan, George Whitney, and Owen D. Young.

MOSCOWITZ, District Judge.

The plaintiff moves to remand this action to the Supreme Court of the State of New York and the motion is opposed upon the ground that a separable controversy or controversies exists in this suit between citizens of different states, plaintiff and the corporate defendants, requiring this Court to retain jurisdiction of the cause. Plaintiff is a citizen of New York and the corporate defendants General Motors Corporation and General Motors Management Corporation are citizens of New Jersey.

804

Whether a separable controversy exists as contended is to be determined from the state of the pleadings and the record at the time of the application for removal. Wilson v. Oswego Township, 151 U.S. 56, 66, 14 S.Ct. 259, 38 L.Ed. 70, 75. The complaint is the only pleading before the Court and it appears therefrom that plaintiff purports to sue in the right of General Motors Corporation on behalf of himself and others similarly situated as stockholders thereof.

It is to be noted, however, that plaintiff does not allege that he is a stockholder of General Motors Management Corporation whose status as a defendant is apparently different from that of General Motors Corporation under plaintiff's theory of action. General Motors Management Corporation is not named as a defendant pursuant to the usual formalistic requirement attendant upon a stockholder's derivative action. On the contrary plaintiff claims no right herein derived through and from this corporation and he does not assert that it should ultimately be realigned as a plaintiff for the purpose of obtaining the benefits of any judgment that may be had against the individual defendants. Indeed, the allegations of the complaint indicate the existence of a grievance directed against this corporation as well as the individual defendants and I find therefrom that whatever relief plaintiff may be entitled to as against the individual defendants, he will as to General Motors Management Corporation be entitled to a decree for restitution of property transferred to it by General Motors Corporation as set forth in the complaint; this, upon the assumption that proof is offered upon the trial sufficient to support the allegations in connection with such transfers. The allegations in this respect are not substantially different from those presented in the plaintiff's complaint in the case of Kahn v. General Motors Corporation et al. Southern District Court of New York, Equity 87–248, 29 F.Supp. 802, where Judge Knox in an opinion dated April 24, 1939, denied a motion to remand. It is true that in the instant case plaintiff has not specifically requested a rescission and cancellation of the contracts entered into between General Motors Corporation and General Motors Management Corporation and this apparently is so by virtue of the allegation in the complaint that said contracts had been abrogated. But wrongful acts are alleged to have been committed under and pursuant to the said contracts prior to the abrogation thereof and the complaint does not allege that the property transferred illegally and wrongfully was ever restored to General Motors Corporation. A contrary inference is the only permissible one under the facts as stated. Accordingly it appears that plaintiff would be entitled to a decree requiring such property to be retransferred to General Motors Corporation under the general prayer for relief in the complaint and as to this controversy the individual defendants are not necessary parties.

In view of the foregoing the case of Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122, is authority for the proposition that this Court should retain jurisdiction of the cause, and it becomes unnecessary to consider the other grounds of opposition to the present motion. The motion to remand is denied.

Settle order on notice.